UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MV3 PARTNERS LLC, <br><br> Plaintiff, <br> v. <br><br> ROKU, INC., <br><br> Defendant. | Civil Action No.: W-6:18-cv-00308-ADA <br><br> **JURY TRIAL DEMANDED** |

**ROKU'S MOTION TO TRANSFER VENUE TO
<u>THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)</u>**

The Northern District of California is the most convenient and appropriate venue for this dispute. All of Roku's personnel, facilities, and infrastructure involved in the sales, marketing, distribution, engineering, and design and development of the technical aspects of Roku products implicated in this case, with the exception of a single engineer that works from home in Reno, Nevada, reside in the Northern District of California — the home of Roku's headquarters and its principal place of business.

MV3 Partners, which is a non-practicing entity that is responsible for the '223 patent and is now asserting it against Roku, has no ties to the Western District of Texas. It is a limited liability company with an address of a virtual office in Palm Beach Gardens, Florida. MV3 is organized and exists under the laws of Florida.

Accordingly, Roku requests that this case be transferred to the Northern District of California under 28 U.S.C. § 1404(a). Because the case overwhelmingly revolves around Roku witnesses, documents, and events that are located and took place within the Northern District of California, it should be transferred there for convenience and in the interest of justice.

Counsel for Roku conferred with counsel for MV3 about this motion by teleconference. MV3 indicated that it will oppose Roku's motion to transfer this case.

I.  **LEGAL STANDARD**

The decision of whether to transfer a case under 28 U.S.C. § 1404(a) centers on two inquiries: (1) "whether the requested district is one where [Plaintiff] could have brought [the] action" and (2) "whether private and public interest factors favor transfer" such that the transferee venue is "clearly more convenient." *Airbus S.A.S. v. Aviation Partners, Inc.*, No. 11-1030, 2012 U.S. Dist. LEXIS 91463, at *10 (W.D. Tex. June 29, 2012). "[T]he movant need not show the [factors] substantially outweigh the plaintiff's choice of venue — it is enough to show the new venue is clearly more convenient than the original one." *DataQuill Ltd. v. Apple Inc.*,

No. 13-706, 2014 U.S. Dist. LEXIS 82410, at *7 (W.D. Tex. June 13, 2014) (citing *In re Volkswagen of America, Inc. ("Volkswagen II")*, 545 F.3d 304, 314 (5th Cir. 2008)).

The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. *E.g., In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004) (*per curiam*) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)); *see also Uniloc USA Inc. v. Box, Inc.*, No. 17-754, 2018 U.S. Dist. LEXIS 94966, *4 (W.D. Tex. June 6, 2018). The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decide at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Volkswagen I*, 371 F.3d at 203.

Plaintiff's choice of venue "is not to be treated as a distinct factor in a venue analysis." *Airbus*, 2012 U.S. Dist. LEXIS 91463, at *10–11; *Via Vadis, LLC v. Netgear, Inc.*, No. 14-809, 2015 U.S. Dist. LEXIS 178048, *9 ("[W]here the plaintiff has virtually no connection to the chosen form, a plaintiff's choice is entitled to little deference.").

## II. THE CASE SHOULD BE TRANSFERRED — THE NORTHERN DISTRICT OF CALIFORNIA IS CLEARLY MORE CONVENIENT

There can be no dispute that this lawsuit could have been brought in the Northern District of California. Similarly, it cannot be disputed that the Northern District of California is a clearly more convenient venue for the particular litigation MV3 has initiated against Roku.

### A. The Case Could Have Been Brought in the Northern District of California

Under Section 1400(b), venue is proper in the district where the defendant "resides" or "where the defendant has committed acts of infringement and has regular and established place

of business." 28 U.S.C. § 1400(b); *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  Venue is proper in the Norther District of California under the second clause of Section 1400(b) because Roku maintains its headquarters in Northern California, *i.e.,* Los Gatos.  (Ex. 1 (de Haas Decl.), ¶ 4.)  Roku's activities in Northern California involve acts for which MV3 accuses Roku of infringing the '223 patent it asserted in this case.  (Ex. 1 (de Haas Decl.), ¶¶ 6–8.)

      **B.**    **The Private Interest Factors Strongly Favor Transfer to the Northern District of California**

           **1.**    **The Relative Ease of Access to Sources of Proof Favors Transfer**

Because the relevant witnesses and documents are in the Northern District of California (where Roku is headquartered in Los Gatos), this factor strongly supports transfer to that venue.

           **a.**  **The Northern District of California is More Convenient for the Witnesses**

Witnesses are an important source of proof in patent cases.  And, of the individual factors in the transfer analysis, witness convenience is "probably the single most important." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (internal citation omitted).  The Fifth Circuit holds that when the distance between an existing venue and a proposed venue is more than 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Volkswagen I*, 371 F.3d at 204–05.  Accordingly, if the transferee venue would result in an average distance away for witnesses shorter than the original venue, then the convenience factor weighs in favor of transfer. *Volkswagen II*, 545 F.3d at 317.

Roku is headquartered in Los Gatos, California and incorporated in Delaware.  (Ex. 1 (de Haas Decl.), ¶ 4.)  Roku's research, design, and development efforts for the relevant features of the accused products — the casting and mirroring functions that can be carried out using Roku technology to allow content from a mobile device to be shown on another display — occur in Roku's Los Gatos headquarters (except for the work of one employee that resides and works

3

from home in Reno, Nevada). (Ex. 1 (de Haas Decl.), ¶¶ 8–9.) More specifically, the Wi-Fi team and the media team are based in Los Gatos, and these two teams include all the software and hardware engineers responsible for the casting and mirroring functions. (Ex. 1 (de Haas Decl.), ¶ 8.) Resolving MV3's infringement accusations will require testimony from these engineers.

Further, Roku's personnel for the marketing, sales, and distribution of the accused products are located in Roku's Los Gatos headquarters. (Ex. 1 (de Haas Decl.), ¶¶ 6–7.) Infringement and damages issues will be based on testimony from witnesses in Los Gatos active in these marketing, sales, and distribution roles.

The Los Gatos office is located more than 1,700 miles from the Western District of Texas, creating significant inconvenience for witnesses traveling to Waco and weighing in favor of transfer. *Volkswagen I*, 371 F.3d at 204–05. The inconvenience to these Roku witnesses should be minimized, strongly weighing in favor of transfer to the Northern District of California. *Affinity Labs of Tex., LLC v. BlackBerry Ltd.*, No. 13-262, 2014 U.S. Dist. LEXIS 185024, *19 (W.D. Tex. June 11, 2014) ("[A] court should also be mindful of the location of the activities surrounding the research, development, and production of the accused products because '[t]he trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production.'" (citation omitted)).

Similarly, the plaintiff has no involvement in the Western District of Texas. Thus, MV3's forum choice is not consequential. *Via Vadis*, 2015 U.S. Dist. LEXIS 178048, *9 ("[W]here the plaintiff has virtually no connection to the chosen form, a plaintiff's choice is entitled to little deference."). Jared Abbruzzese, the inventor of the '223 patent, and MV3, to the extent it employs anyone other than Mr. Abbruzzese, are located in Florida. (Ex. 2 (Fla. LLC Rpt.).) In fact, MV3's address is simply located at Intelligent Office, a virtual office service, in Palm Beach

4

Gardens, Florida.  (https://www.intelligentoffice.com/florida/palm-beach-gardens/about, last visited February 27, 2019.)

In any event, patent infringement suits focus on the activities of the alleged infringer — Roku, in this case.  *Affinity*, No. 2014 U.S. Dist. LEXIS 185024, *19 (because infringement suits "'often focus on the activities of the alleged infringer, its employees, and its documents,' the location of a product's development "is often the critical and controlling consideration in adjudicating transfer of venue motions'") (internal citation omitted).  Because Roku's witnesses are in the Northern District of California, and, in the instance of the individual that works out of Reno, Nevada, much closer to the Northern District of California, this case should be transferred to that venue.

>    b.  **The Northern District of California is More Convenient for the Documents**

Turning from witnesses to other sources of proof, the "Federal Circuit has observed that '[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer,' and therefore the location of the defendant's documents tends to be the more convenient venue."  *DataQuill*, 2014 U.S. Dist. LEXIS 82410, *8 (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).  This is particularly true here, where, as a non-practicing entity, MV3 is expected only to have a small amount of documents in Florida or elsewhere. Roku's documents will form the bulk of the relevant evidence and the primary location of the operative technical and financial documents — in this case, Los Gatos — weighs in favor of transfer to the Northern District of California.  (Ex. 1 (de Haas Decl.), ¶¶ 6–9.)

Because Roku's documents are predominantly stored in the Northern District of California (or electronic), (Ex. 1 (de Haas Decl.), ¶¶ 6–9), this case should be transferred to that venue.  While some evidence may be available through electronic discovery, "[t]he Fifth Circuit

has cautioned [that the actual location of documents] remains relevant despite technological advances having made electronic document production commonplace." *DataQuill*, 2014 U.S. Dist. LEXIS 82410, at *8 (citing *Volkswagen II*, 545 F.3d at 316).

### 2. The Availability of Compulsory Process to Secure Witness Attendance Favors Transfer

Because this Court lacks subpoena power over witnesses that reside in California, this factor also favors transferring venue to the Northern District of California. Under Rule 45, this court may not enforce a subpoena on a witness outside of the state of Texas. Fed. R. Civ. P. 45(c)(1); *e.g.*, *Affinity*, 2014 U.S. Dist. LEXIS 185024, at *15 (citing Fed. R. Civ. P. 45). But, subpoena power may be applied to compel the participation of Roku's former employees and lower-level employees in the Northern District of California (*i.e.,* including the Los Gatos area). *E.g.*, *Jackson v. Stevens Transp., Inc.*, No. 14-1416, 2015 U.S. Dist. LEXIS 5318, at *4–5 (N.D. Tex. Jan. 15, 2015).

This factor weighs in favor of transfer because, unlike the Western District of Texas, the Northern District of California does have subpoena power over Roku's employees at Los Gatos and former employees in the area. *Genentech*, 566 F.3d at 1345 ("[T]here is a substantial number of witnesses within the subpoena power of the N[.] D[.] of California and no witness who can be compelled to appear in the E[.] D[.] of Texas. The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly.").

Accordingly, without subpoena power over the appropriate witnesses, the Western District of Texas is an inadequate venue in comparison to the Northern District of California, which would retain subpoena power over almost every relevant witness. Thus, this factor favors a transfer to the Northern District of California.

### 3. The High Cost of Attendance for Willing Witnesses in Both Time and Monetary Expense Favors Transfer

The time and financial expense for travel to Texas from California, and the attendant time away from the regular employment of Roku's witnesses, weighs heavily in favor of transfer. *See, e.g., Volkswagen I*, 371 F.3d at 204–05; *DataQuill*, 2014 U.S. Dist. LEXIS 82410, at *12 ("Inconvenience to these witnesses increases as the distance they must travel increases, and traveling to a local court is far more convenient than traveling to Texas."). As recognized by the Fifth Circuit, "the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour." *Volkswagen I*, 371 F.3d at 205.

The Northern District of California is the most convenient forum for the vast majority of witnesses. "The convenience of the witnesses" is the "the single most important factor in transfer analysis." *Genentech*, 566 F.3d at 1343 (internal citation and punctuation omitted). It is an "obvious conclusion that it is more convenient for witnesses to testify at home and that . . . additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment, . . . family, and community." *Volkswagen II*, 545 F.3d at 317 (internal citation and punctuation omitted).

Here, Roku employees based in Los Gatos, (Ex. 1 (de Haas Decl.), ¶¶ 6–9), will be required to testify as to the operation of the accused Roku technology, as well as the marketing, distribution, and sales of the accused devices. For Roku's witnesses to travel to the Western District of Texas, the witnesses would have to travel approximately 1,700 miles, which would

require at least six hours of travel time each way and meals and lodging expenses, in addition to the time lost from work.

      **4.**      **There Are No Practical Problems that Make Trial Easy, Expeditious, and Inexpensive Weighing Against Transfer**

This factor is neutral. No "practical problems" favor this district. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) (this factor is only applicable "in rare and special circumstances" and if "such circumstances are established by clear and convincing evidence.").

Although MV3 recently filed two related suits in the Western District of Texas, *MV3 Partners LLC v. Best Buy Stores, LP*, 6:18-cv-00374 and *MV3 Partners LLC v. Kohl's Corporation*, 6:18-cv-00373, these filings do not warrant keeping this case here. Both are Roku customer cases, both have been stayed pending the outcome of the present case, and the parties to both cases have agreed to accept any outcome in MV3's case against Roku that favors MV3.

      **C.**      **The Public Interest Factors Favor Transfer to the Northern District of California**

      **1.**      **There Are No Administrative Difficulties Flowing From Court Congestion Relevant to Transfer**

This factor is neutral. *DataQuill*, 2014 U.S. Dist. LEXIS 82410, at *12–13. There are no administrative difficulties because there is no known congestion in the Northern District of California.

      **2.**      **The Local Interest in Having Localized Interests Decided at Home Favors Transfer**

This factor strongly favors transfer. "When considering the local interest factor, the court must look to the relevant factual connection between the events at issue and the two proposed venues." *XY, LLC v. Trans Ova Genetics, LC*, No. 16-00447, 2017 U.S. Dist. LEXIS 218449, at *22 (citing *Volkswagen II*, 545 F.3d at 317–18). The district where a party has its principal place

of business typically has a stronger local interest in the adjudication of the case. *XY*, 2017 U.S. Dist. LEXIS 218449, *23; *Affinity*, 2014 U.S. Dist. LEXIS 185024, at *10.

The Northern District of California has a powerful interest in this case because Roku is headquartered in Los Gatos, (Ex. 1 (de Haas Decl.), ¶ 4). Further, Roku developed the casting and mirroring functions that can be carried out using Roku technology to allow content from a mobile device to be shown on another display in Los Gatos, and Roku's sales, marketing, and distribution functions are located in Los Gatos. (Ex. 1 (de Haas Decl.), ¶¶ 6–9.) Roku also employs 753 people in Los Gatos, (Ex. 1 (de Haas Decl.), ¶ 4), and its reputation and conduct are expressly implicated by this case. *Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 10-364, 2012 U.S. Dist. LEXIS 19210, at *20 (E.D. Tex. Feb. 15, 2012) (local interest factor weighs in favor of transfer when defendants are headquartered, develop the accused products, and employ a large number of people in the transferee venue).

In stark contrast, the Western District of Texas has no true connection to this case. Neither of the parties is headquartered here, Roku has no relevant employees here, and MV3 has no employees here. Moreover, because the majority of Roku's operations (and therefore employees) are located in Los Gatos, any decision negatively affecting Roku or its employees would have a far greater impact on the Northern District of California than the Western District of Texas. And, there is no local interest weighing against transfer because MV3 is from Florida, not Texas.

Accordingly, the local interests in the Northern District of California are far greater than in this District, and this factor weighs in favor of transfer. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) ("[b]ecause all of the physical evidence, including the [products] and the documentary evidence, are far more conveniently located near the [transfer] venue, the district court erred in not weighing this factor in favor of transfer").

### 3. The Forums' Familiarity with the Law Governing the Case is not Relevant to Transfer in this Case

This factor is neutral because neither the Western District of Texas nor the Northern District of California has an advantage in applying federal patent law. *DataQuill,* 2014 U.S. Dist. LEXIS 82410, at *15. Because both venues are undisputedly familiar with patent law, this factor should be given no weight.

### 4. Avoiding Unnecessary Problems of Conflict of Laws is Not Relevant to Transfer in This Case

This factor is also neutral because there is no conflict of laws issue as infringement lawsuits are governed by federal law. *See DataQuill,* 2014 U.S. Dist. LEXIS 82410, at *15. Therefore, this factor should be given no weight.

### III. CONCLUSION

Roku requests that that the case be transferred to the Northern District of California because it is the most convenient and appropriate venue for the dispute. Roku's personnel, facilities, and infrastructure involved in this case, with the exception of one employee that works nearby, reside in the Northern District of California. Similarly, MV3 Partners has no ties to the Western District of Texas.

Respectfully submitted,

/s/ Alexander J. Hadjis
Alexander J. Hadjis (*pro hac vice*)
Lisa M. Mandrusiak (*pro hac vice*)
Michael D. West (*pro hac vice*)
OBLON, MCCLELLAND, MAIER
& NEUSTADT, L.L.P.,
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000
ahadjis@oblon.com
lmandrusiak@oblon.com
mwest@oblon.com

Richard D. Milvenan
State Bar No. 14171800
McGINNIS LOCHRIDGE LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000
rmilvenan@mcginnislaw.com

ATTORNEYS FOR
DEFENDANT ROKU, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record Pursuant to Local Rule 5(b).

/s/ Lisa M. Mandrusiak
Lisa M. Mandrusiak

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MV3 PARTNERS LLC,<br><br>        Plaintiff,<br>v.<br><br>ROKU, INC.<br><br>        Defendant. | Civil Action No.: 6:18-cv-00308-ADA<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] ORDER**

The Court, having considered Defendant's Motion to Transfer,

IT IS HEREBY ORDERED this _____ day of _____, 2019, that the motion is

**GRANTED** and that this case is hereby transferred to the Northern District of California.


Dated: _____, 2019       _____
                                                                                        The Honorable Alan D. Albright
                                                                                        United States District Judge