**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **MV3 PARTNERS LLC,** | § | |
| | § | **Civil Action No.: 6:18-cv-308-ADA** |
| | § | |
| **Plaintiff,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | |
| **ROKU, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**
**TO THE NORTHERN DISTRICT OF CALIFORNIA**

I.    **INTRODUCTION**

Plaintiff MV3 Partners LLC ("MV3") properly initiated its lawsuit in this District and Defendant Roku, Inc. ("Roku") has failed to meet its heavy burden of proving that the Northern District of California ("NDCA") is "clearly more convenient" than this District.

The private interest factors weigh against transfer to another venue.  Roku has not met its burden of proof nor established that witnesses and sources of proof relating to its infringing acts are primarily located in or near NDCA.  Roku claims that it has no witnesses with relevant knowledge of the accused products or functionality in this District, yet its sole declarant and the only employee it identifies in its Motion, Mr. Scott de Haas, is the Senior Vice President of Engineering at Roku, manages almost a third of Roku's employees, and is employed in Austin, Texas.  Moreover, Roku incorrectly presupposes that the evidence in question only relates to casting and mirroring functionality.  This is simply not the case.  Rather, MV3's infringement allegations also include the Roku mobile app, enabling connection between the mobile phone and the accused Roku devices, authentication protocols, Roku's live television channels and applications, and the upconverting of content.  MV3 has identified numerous Roku employees, including engineers, in Austin, Texas, who appear to have knowledge of this accused functionality.  Further, given that Mr. de Haas works in Austin, it is difficult to believe that no documents or witnesses relating to the accused Roku devices are located in this District.

The public interest factors also weigh against transfer to another venue.  Not only does this District efficiently and expeditiously adjudicate patent cases, administrative difficulties related to court congestion in NDCA weigh against transfer.  Moreover, this District has a local interest in adjudicating this dispute because Roku has a substantial presence within this District through its research and development facility in Austin, Texas, where it employs a significant number of workers.

Because Roku has not met its burden to show that the balance of the private and public interest factors clearly favor transfer, Roku's Motion should be denied.

## II.   FACTUAL BACKGROUND

MV3 filed suit on October 16, 2018 against Roku, alleging infringement of the Patent-in-Suit.  (D.I. 1 and 5.)  The Patent-in-Suit discloses a set top box that acts as a conduit between disparate data networks and display devices.  (D.I. 5 at ¶ 3.)  The disclosed set top box provides functionality that enables a connected display device to render a television signal and enables an upconversion/upscaling process from a mobile computing device where media content residing on or being streamed to the mobile computing device is forwarded to a display device.  (*Id*. at ¶ 12.)

Roku filed its Answer and Counterclaims to the Amended Complaint on January 22, 2019.  (D.I. 39.)  Roku's Counterclaims seek a declaration that the Patent-in-Suit was not infringed and that it is invalid.  (*Id*.)  On February 26, 2019, the Court set a Markman hearing for July 19, 2019.  (D.I. 48.)  On February 27, 2019, the Court issued a Scheduling Order setting, among other deadlines, the Final Pretrial Conference on May 20, 2020 and Jury Selection/Trial in early June 2020.  (D.I. 51.)  Roku filed the present Motion on February 27, 2019.  (D.I. 52.)

## III.   ARGUMENT

### A.   THE APPLICABLE LEGAL STANDARD FOR TRANSFER OF VENUE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  In conducting its analysis, the court must first determine whether the suit could have been brought in the proposed transferee district.  *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  "The defendant must show that the transferee district would be "more convenient for *both* parties involved, non-party witnesses, expert witnesses, and in the interest of justice."  *Aloft Media, LLC v. Adobe Sys.*, *Inc.*, No. 6:07-cv-355, 2008 WL 819956, at *3 (E.D.

Tex. Mar. 25, 2008).  In other words, the transfer of venue for the convenience of parties and witnesses must render the litigation more convenient as a whole and not merely shift inconvenience between the parties.  *XY LLC v. Trans Ova Genetics, LC,* No. W-16-CA-00447-RP, 2017 WL 5505340, at *10 (W.D. Tex. Apr. 5, 2017).  If the defendant fails to make this showing, "the plaintiff's choice [of venue] should be respected."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*).  In this regard, courts analyze various public and private interest factors, including the convenience of the parties, witnesses and source of access; and the interests of justice.  *Volkswagen*, 371 F.3d at 203.  Plaintiff's choice of venue is also a relevant consideration.  *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  Roku has not met its burden.

### B.     PRIVATE INTEREST FACTORS WEIGH AGAINST TRANSFER

#### 1.     Ease of Access to Sources of Proof Weighs Against Transfer

The ease of access to sources of proof weighs against transfer.  Contrary to Roku's claims, there appear to be numerous Roku employees in this District with relevant knowledge.  For example, Roku's sole declarant, Mr. de Haas, confirms that he is knowledgeable about "Roku's research and development, engineering, design, marketing, distribution, and sale of [Roku's] products" and manages almost a third of Roku's employees from Roku's Austin office within this District.  (D.I. 52-1 at ¶ 5.)  Moreover, the devices and functionality MV3 accuses of infringement is broader than Roku contends.  MV3's Complaint identifies Roku TVs and Roku mobile app as exemplary infringing products and identifies, among other things, enabling connection between the mobile phone and the accused Roku devices, authentication protocols, Roku's live television channels and applications, and the upconverting of content as infringing functionalities.  (D.I. 5 at ¶¶ 17-31.)  MV3's indirect infringement theory relates, in part, to Roku's Roku TV licensing program.  (*Id.* at ¶ 4.)  Roku admits that its Austin, Texas office employs its "TV engineers."  (D.I.

52-1 at ¶ 9.)  And the LinkedIn profiles for several Roku employees in Austin and multiple recent job postings from Roku suggest that numerous relevant employees with knowledge regarding these additional infringing functionalities are located in this District.  (Ex. A., (Declaration of Rodney R. Miller), at Exs. 1-10.)  For example, Matthew Hodgins, the Senior Lead Software Engineer who created an automated test framework for the Roku mobile app and the programing language used to create channels and applications, is located in Roku's Austin office.  (*Id*. at Ex. 5.)  Thus, MV3 will seek testimony from Roku engineers and production of documents relating to MV3's infringement allegations that are located and easily accessible in this District, which weighs against transfer.  *See TiVo INC. v. AT&T INC*, No. 2:09-cv-259, 2010 WL 11436066, at *4 (E.D. Tex. Sept. 17, 2010).

Roku's primary reference to relevant documents is its vague allegation that "Roku's documents are predominantly stored in the Northern District of California (or electronic)."  (D.I. 52 at 5.)  However, Roku's statement fails to "identify its sources of proof with some specificity such that the Court may determine whether transfer will increase the convenience of the parties." *U.S. Ethernet Innovations, LLC v. Samsung Elecs. Co., Ltd.*, No. 6:12-CV-398-MSH-JDL, 2013 WL 1363613 at *2 (E.D. Tex. Apr. 2, 2013).  This type of unsupported assertion fails to establish relevant venue facts.  *Farmers Select, LLC v. United Motor Freight, Inc*., No. EP-07-CV-342-DB, 2008 WL 5351731, at *4 (W.D. Tex. Dec. 19, 2008).  Interestingly, Roku makes no mention of the ability of its Austin office to access these documents, let alone the "electronic" documents.  In the modern age, remote access to documents stored on servers is commonplace.  Roku makes no claim of hardship or significant inconvenience with regard to transporting or producing physical evidence or documents to this District.  As such, the location of documents and the distance that the documents must be transported to trial is of little consequence. *Medidea, LLC v. Smith &*

*Nephew, Inc.*, No. 2:09-CV-378-TJW, 2010 WL 1444211, at *4 (E.D. Tex. Apr. 12, 2010).  Roku's assertion that documents are "predominantly stored" in its preferred forum falls far short of identifying "the location of such *physical evidence* which cannot be easily transported to the place of trial."  *Jackson v. Intel Corp.*, No. 2:08-cv-154, 2009 WL 749305, at *2, n.2 (E.D. Tex. Mar. 19, 2009) (emphasis added).

Roku fails to identify with specificity any hard copy documents that are located in NDCA, and only provides a general assertion that relevant documents not stored electronically are almost exclusively stored at Roku's headquarters.  (D.I. 52-1 at ¶¶ 6-8.)  This creates more questions than answers as to the accessibility of these documents.  For example, these statements do not address whether the relevant documents can be accessed in NDCA or could be easily transferred electronically.  To the extent these documents can be accessed from other locations, such documents have no bearing on this factor.  *See* Ex. 15, Order Denying Defendant's Motion to Transfer, *Uniloc USA, Inc. v. Google, Inc.*, No. 2:16-cv-566, Dkt. 75 at 5 (E.D. Tex. May 15, 2017).  Moreover, such vague assertions are not an acceptable basis for establishing a convenience factor in a transfer motion.  *See S.E.C. v. Coldicutt*, No. 4:12-cv-505, 2013 WL 944550, at *2 (E.D. Tex. Feb. 8, 2013) ("In reviewing the factors which weigh for or against [a convenience] transfer, this Court must look to facts which are a matter of record, not merely to assertions in the attorneys' briefs").  Also, given that Mr. de Haas manages almost a third of Roku's employees from Austin, it is reasonable to conclude that Roku can securely access, share, and print documents available on Roku's network systems from this District.  (D.I. 52-1 at ¶ 5.)  Even assuming that relevant information is only available in hard copy documents, Roku has not presented evidence indicating that it is not capable of nor shown any realistic difficulty in production through scanned copies, electronic storage, and email.  *See AdvanceMe, Inc. v. RapidPay, LLC*, 450 F. Supp. 2d 669, 675

(E.D. Tex. 2006) ("[t]ypically, documents and other records are easily transportable in paper or electronic form"); *S.E.C.*, 2013 WL 944550, at *3 (finding that where some documents are located at headquarters, but "[a]ll other documents are capable of being produced electronically," this factor is neutral as to transfer.).  In fact, the location of Roku's Austin office seems to belie Roku's bare allegation of inconvenience.

Where the only documentary evidence is speculative, likely transportable electronically, and can be accessed from anywhere, this factor weighs against transfer.  As such, Roku has not shown that access to sources of proof meaningfully favors transfer.

### 2.    This District is More Convenient for Willing Witnesses

The cost of attendance for relevant willing witnesses also weighs strongly against transfer. *See Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 870 (E. D. Tex. 2012) ("In considering the availability and convenience of witnesses, a court must concentrate primarily upon the availability and convenience of key witnesses.") (emphasis added).  One of MV3's key party witnesses will be Mr. Jared Abbruzzese (Jupiter, Florida).  (Ex. B, (Declaration of Wayne Barr, Jr.), at ¶ 2.)  The Western District of Texas is a more convenient venue for him.  Mr. Abbruzzese runs several small businesses, and his absence, due to traveling across the country to California, would create severe hardship for Mr. Abbruzzese's ability to run his businesses, while Roku would likely experience no impact if its witnesses were required to travel to Texas to testify. *See Rossco Holdings Inc. v. Best W. Int'l Inc.*, No. H-06-0155, 2006 WL 1007474, at *3 (S.D. Tex. Apr. 18, 2006) (denying transfer due in part to potential hardship to plaintiff as a small business).  MV3's other key witness, David Marshack, a fact witness with relevant knowledge regarding the technology claimed in the asserted patent is located in Bethesda, Maryland.  (Ex. B at ¶ 3.)  Further, MV3's technical expert, Dan Schonfeld, is located in Chicago, Illinois.  (*Id.* at ¶

4.)  *Aloft Media,* 2008 WL 819956, at *5 ("[A] patent trial often revolves around the strength of expert witness testimony, and many experts are also non-party witnesses.") (citing *Mangosoft Intellectual Property, Inc. v. Skype Techs. SA*, No. 2:06-cv-390, 2007 WL 2008899, at *2 (E.D. Tex. July 5, 2007)).  The Western District of Texas is a more convenient venue for each of them.

Roku asserts that it will rely on testimony from its employees located in NDCA.  (D.I. 52 at 4.)  Roku fails, however, to identify any of these potential witnesses by name, describe their relevant knowledge in any detail, nor specify what testimony might be provided.  *See Core Wireless Licensing S.a.r.l. v. Apple*, *Inc.*, No. 6:12-CV-100-LED-JDL, 2013 WL 682849 at *4 (E.D. Tex. Feb. 22, 2013) (denying motion to transfer where Apple failed to identify employees with knowledge of the accused systems, marketing, or financial details).  A defendant seeking transfer "must clearly specify the key witnesses to be called and make a general statement of what their testimony will cover."  *See In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 690 (E.D. Tex. 1999); *Transplace Texas, L.P. v. Higgins*, 4:10-cv-428, 2011 WL 623172, at *8 (E.D. Tex. Jan. 19, 2011), *adopted*, 2011 WL 601142 (E.D. Tex. Feb. 11, 2011).  Nevertheless, as a general rule, the location of Roku's employee witnesses is given little weight in the transfer analysis since Roku can compel their testimony in any district in which this case is litigated. *Comcast Cable Comm's, LLC v. British Telecomms. PLC*, No. 3:12-cv-1712-M, 2012 WL 6625359, at *4 (N.D. Tex. Dec. 20, 2012); *Ranger Sec. Detectors, Inc. v. Metorex, Inc.*, No. EP-05-CA-385-FM, 2006 WL 504864, at *3 (W.D. Tex. Feb. 7, 2006); *see also Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992) ("where, as here, the key witnesses are ...employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at trial.").  Moreover, Roku fails to offer any particularized information that would enable the Court to ascertain how much weight to give the claim of inconvenience to

its employees.  Roku also fails to show how their testimony is not cumulative or why they would be forced to travel to Texas at all, rather than be deposed wherever they reside.  *See* Fed. R. Civ. P. 32(a)(4) ("A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds... that the witness is more than 100 miles from the place of hearing or trial...").  Tellingly, Roku fails to identify a single non-party witness to support transfer despite the fact that the convenience of non-party witnesses is accorded greater weight in a transfer of venue analysis.  *SSL Servs., LLC v. Cisco Sys., Inc.,* No. 2:15-CV-433-JRG-RSP, 2016 WL 727673, at *4 (E.D. Tex. Feb. 24, 2016); *Farmers Select*, 2008 WL 5351731, at *4 (convenience of non-party witnesses, rather than of employee witnesses, is the more important factor and accorded greater weight.  Instead, Roku identifies Mr. de Haas who is knowledgeable about "Roku's research and development, engineering, design, marketing, distribution, and sale of [Roku's] products," and who appears to be a suitable party-witness for Roku located within this District.

Thus, Roku has not met its burden of establishing that willing witnesses would benefit from moving the case to NDCA.

### 3. Availability of Compulsory Process Weighs in Favor of Keeping This Matter in this District

Roku has failed to identify a single unwilling specific third-party witness that would benefit from the transfer to NDCA.  *See Broadhead Ltd. P'ship v. Goldman, Sachs & Co.*, No. 2-06-cv-009, 2007 WL 951511, at *3 (E.D. Tex. Mar. 28, 2007) ("the defendant has not shown that non-party witnesses are unwilling to travel to Texas.").  While Roku generally claims that non-party witnesses and former Roku employees may be called to testify, Roku does not specifically identify any such witnesses or their locations, nor does Roku assert that any such witnesses would be subject to compulsory process in NDCA or would be unwilling to attend trial in the Western

District of Texas.[1]  (D.I. 52 at 6.)  Courts give more weight to specifically identified witnesses and afford less weight to vague assertions that witnesses are likely located in a particular forum.  *Core Wireless*, 2013 WL 682849, at *3.

Roku's claim related to compulsory process also mentions its current employees.  (D.I. 52 at 6.)  However, as discussed above, Roku can compel its current employees to testify in any district in which this case is litigated.  *Comcast*, 2012 WL 6625359, at *4.  At any rate, the locations of Roku's employee witnesses are given minimal (if any) weight under this analysis.  *Presqriber, LLC v. CureMD.Com, Inc.,* No. 6:14-CV-446-KNM, 2015 WL 11578560 at *3 (E.D. Tex. Mar. 26, 2015).  Given that Roku has not identified a single non-party witness or former employee that is not within the subpoena power of this Court or who is unwilling to travel to this District for trial, this factor weighs against transfer.

### 4.    Judicial Economy Favors this District

"A major factor comprising the judicial economy is when there are pending cases 'before the court between the plaintiff and another defendant involving the same patent-in-suit, pertaining to the same underlying technology, and involving similar accused services.'"  *XY*, 2017 WL 5505340, at *14.  Parallel actions on the Patent-in-Suit are presently pending against Kohl's Corporation and Best Buy Stores, LP in this Court.  *See* Case Nos. 6:18-cv-373, 6:18-cv-374 (W.D. Tex.).  Adjudication of all three actions by this Court, rather than in duplicative suits in multiple jurisdictions, serves the interest of judicial economy and weighs against transfer.  *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).

### C.    PUBLIC INTEREST FACTORS WEIGH AGAINST TRANSFER

---

[1] If Roku attempts to identify non-party witnesses and former employees in its reply brief, such new arguments are waived and should not be considered by the Court.  *Scott v. White*, No. 1:16-CV-1287-RP, 2019 WL 122055, at *14 n.2 (W.D. Tex. Jan. 14 2019) ("White offers additional arguments in his reply, but arguments raised for the first time in a reply brief are waived.").

### 1.      Faster Disposition in This District Weighs Against Transfer

Roku makes no claim as to the efficiency of transferring the case to NDCA because there is a significant difference in the efficiency of patent litigation proceeding in NDCA versus this Court.  Instead, Roku contends that there are "no administrative difficulties because there is no known congestion in" NDCA so this factor is neutral.  (D.I. 52 at 8.)  U.S. District Court statistics for the 12-month period that ended September 30, 2018 indicate the median time for cases to go from filing to trial in NDCA is 30 months vs. 18.7 months in this District.  (Ex. A at Ex. 11.)  Further, this difference is sizeable when one considers the scheduled June 2020 trial date for this case.  (D.I. 51.)  Transferring to NDCA would prejudice MV3 by depriving it of its chosen forum and the reason why it chose this forum: speed and efficiency in patent infringement litigation.  Since the time to trial is faster in this District, this factor weighs against transfer.

### 2.      Localized Interest Weighs Against Transfer

This District has a significant localized interest in this dispute.  *In re Hoffmann-La Roche, Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (local interest involves "work and reputation of [] individuals residing in or near that district who presumably conduct business in that community").  Roku is registered to do business in Texas, maintains a research and development facility in this District, and employs multiple employees residing in this District, including Mr. de Haas. (Ex. A at Exs. 1-10 and 12-14.)  For these reasons, this factor weighs against transfer.

### 3.      Other Public Interest Factors do not Weigh in Favor of Transfer

Both Districts are sophisticated federal courts equally capable of applying federal patent law to the case, which makes this factor neutral.  Further, no conflict of laws or foreign laws apply here, which makes this factor neutral.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Roku's motion should be denied.

Dated:  March 13, 2019                    RESPECTFULLY SUBMITTED,

By:  */s/ J. Mark Mann*_____
   J. Mark Mann (Texas Bar No. 12926150)
   mark@themannfirm.com
   G. Blake Thompson (Texas Bar No. 24042033)
   blake@themannfirm.com
   **MANN | TINDEL | THOMPSON**
   300 W. Main Street
   Henderson, Texas 75652
   913 Franklin Ave., Suite 201
   Waco, Texas 76701
   Telephone:  (903) 657-8540
   Facsimile: (903) 657-6003

   Andy Tindel (Texas Bar No. 20054500)
   atindel@andytindel.com
   **MANN | TINDEL | THOMPSON**
   112 E. Line Street, Suite 304
   Tyler, Texas 75702
   Telephone: (903) 596-0900
   Facsimile: (903) 596-0909

   Craig D. Cherry (Texas Bar No. 24012419)
   ccherry@haleyolson.com
   **HALEY & OLSON, P.C.**
   100 N. Ritchie Road, Suite 200
   Waco, Texas 76701
   Telephone: (254) 776-3336
   Facsimile: (254) 776-6823

   Jonathan K. Waldrop (CA Bar No. 297903)
   (Admitted in this District)
   jwaldrop@kasowitz.com
   Darcy L. Jones (CA Bar No. 309474)
   (*pro hac vice*)
   djones@kasowitz.com
   Marcus A. Barber (CA Bar No. 307361)
   (*pro hac vice*)
   mbarber@kasowitz.com
   John W. Downing (CA Bar No. 252850)
   (*pro hac vice*)
   jdowning@kasowitz.com
   Heather S. Kim (CA Bar No. 277686)
   (*pro hac vice*)
   hkim@kasowitz.com
   Jack Shaw (CA Bar No. 309382)
   (*pro hac vice*)
   jshaw@kasowitz.com
   Gurtej Singh (CA Bar No. 286547)
   (*pro hac vice*)
   gsingh@kasowitz.com

**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Daniel C. Miller (NY Bar No. 4232773)
(*pro hac vice*)
**KASOWITZ BENSON TORRES LLP**
1399 New York Avenue NW, Suite 201
Washington, DC  20005
Telephone:  (202) 760-3400
Facsimile:   (202) 760-3401
Email: dcmiller@kasowitz.com

Rodney R. Miller (Texas Bar No. 24070280)
(*pro hac vice*)
**KASOWITZ BENSON TORRES LLP**
1349 West Peachtree Street N.W., Suite 1500
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081
Email: rmiller@kasowitz.com

**Attorneys for Plaintiff**
**MV3 Partners LLC**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] – Document Filing System, to all counsel of record, on this 13th day of March, 2019.

/s/ J. Mark Mann
J. Mark Mann