UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MV3 PARTNERS LLC,<br><br>        Plaintiff,<br>v.<br><br>ROKU, INC.,<br><br>        Defendant. | Civil Action No.: W-6:18-cv-00308-ADA<br><br>**JURY TRIAL DEMANDED** |

**ROKU'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER**

MV3's opposition, stripped of its rhetoric and mischaracterizations of Roku's evidence and positions, supports Roku's motion to transfer. It confirms that MV3 itself has no ties to Texas, and it fails to identify any other connection to Texas, let alone the Western District, that is relevant to the case. Instead, MV3 argues that its choice of forum should carry the day while downplaying the fact that Roku's connections to the case are in Northern California.

The circumstances here are very similar to those in *In re TS Tech U.S. Corp.*, 551 F.3d 1315 (Fed. Cir. 2008). Like in *TS Tech*, Roku's witnesses and documents are far away (in the Northern District of California, where Roku is headquartered), and MV3, which has no connections to the forum in which it filed its case (the Western District of Texas), is stressing its choice of venue.

The Northern District of California in this case, like the Southern District of Ohio was in *TS Tech*, is clearly the more convenient venue. Accordingly, this dispute should be transferred as a matter of convenience, in the interest of justice, under 28 U.S.C. § 1404(a).

## I.   OVERALL WITNESS CONVENIENCE — FAVORS TRANSFER

Witness convenience is the single most important factor in a transfer analysis. *See In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). The Northern District of California is clearly more convenient for witnesses. Roku's witnesses, with the exception of one that is located near N.D. Cal. on the Nevada/California border, are all located in Northern California. (Dkt. 52 at 3-4.) MV3's witnesses are not located in or near this district. (MV3 Opp. at 6-7.)

## II.   MV3 WITNESS CONVENIENCE — DOES NOT WEIGH AGAINST TRANSFER

In arguing against transfer, MV3 identifies three potential witnesses. None are located in Texas. None are geographically located at a place that would make Waco, Texas more convenient to them than the N.D. Cal. And, even assuming for the sake of argument, that there was some marginal amount of time that could be saved by traveling from their respective

1

locations to Waco as opposed to the San Francisco area, any supposed convenience to them would be far outweighed by the fact that Roku's relevant personnel — sales, distribution, marketing, and research and engineering — are in N.D. Cal.

Mr. Abbruzzese, the inventor, is located in Florida. From Florida, the difference in travel time to either Waco or N.D. Cal. is not only insubstantial, it is likely easier and it would take less time to get to the Bay Area.

Similar logistical circumstances apply for MV3's Maryland and Illinois witnesses. From either state the difference in travel time to either Waco or the Bay Area is insubstantial. Moreover, MV3's reliance on its paid expert witness reveals the weakness of its overall position. The convenience of an expert witness is insignificant in a transfer analysis. *Zenith Elecs. LLC v. Sony Corp.*, 2011 U.S. Dist. LEXIS 102242, at *27 (E.D. Tex. Apr. 25, 2011).

MV3 also asserts, through an attorney and <u>without any support from Mr. Abbruzzese himself</u>, that Mr. Abbruzzese's presence in Florida is crucial to other businesses. This argument is illogical to put it mildly, and it is not supported by the case MV3 cites. Mr. Abbruzzese will need to devote time to this case, travel to trial regardless of where it is heard, and MV3, a non-operating entity, has no business presence in the Western District of Texas.

Thus, contrary to MV3's assertion, transfer to N.D. Cal. does not merely shift the balance of inconveniences from Roku to MV3. MV3's witnesses will have to travel either way. In contrast, if the case is transferred to N.D. Cal., it will be clearly more convenient for Roku's witnesses. They will not need to travel approximately 1,700 miles.

**III.  ROKU WITNESS CONVENEINCE — FAVORS TRANSFER**

    **A.  MV3's New Technology Scope Statement Changes Nothing**

MV3 suggests that Roku too-narrowly defines the relevant subject matter in its transfer motion. (Opp. at 1, 3.) MV3 itself, however, centered the dispute on the casting and mirroring

functions that can be carried out using Roku technology to allow content from a mobile device to be shown on another display. (Dkt. 5 at ¶¶ 12-13.)

Regardless, the specific technical aspects MV3 now notes, (Opp. at 1, 3), which are subsumed in the casting and mirroring functions Roku used in its transfer motion, do not change the fact that no Austin personnel are involved in MV3's case. All personnel substantively involved in the specific features now noted by MV3 in its opposition are based in Los Gatos. (Ex. 1 (Second de Haas Decl.) at ¶¶ 2-10).) And, contrary to MV3's allegations, Mr. Hodgins, the other individuals MV3 identified through LinkedIn profiles, and the Austin TV Engineers are not. (Ex. 1 (Second de Haas Decl.) at ¶¶ 3-10); Ex. 2 (Hodgins Decl.) at ¶¶ 1-3).)

**B.    Roku Employee Witness Location is Significant**

Next, MV3 suggests that the location of Roku's employees should be "given little weight" because Roku can allegedly compel their testimony. (Opp. at 7, 9.) MV3 is mischaracterizing these cases. Each merely states that the convenience of party employees is entitled to less weight than non-party witnesses — far different than diminishing the weight given to company witness location. *E.g., Comcast Cable Comm's, LLC v. British Telecomms. PLC*, 2012 U.S. Dist. LEXIS 180004, at *11-12 (N.D. Tex. Dec. 20, 2012). Contrary to MV3's contention, employee witness location has been determinative in even far more complex scenarios. *E.g., PersonalWeb Techs, LLC v. NEC Corp. of Am.*, Inc., 2013 U.S. Dist. LEXIS 46296, at *28-29, 40-47, 64-70, 77 (E.D. Tex. Mar. 21, 2013).

**C.    Roku's Declarant and Other Austin Employees Change Nothing**

Also, in an attempt to argue Roku Austin employees have a connection to MV3's case, MV3 points to the fact that Roku's declarant, Mr. de Haas, and various Roku TV Engineer employees are based in Austin. MV3's guesswork misses its mark.

Roku does employ people in Austin. Regardless, all operations and relevant research and

development associated with Roku's accused products — even along the arguably broader lines MV3 is now expressing its case through its opposition, (Opp. at 1, 3) — occurred and takes place through personnel in Roku's Los Gatos headquarters and not in Austin. (Ex. 1 (Second de Haas Decl.) at ¶¶ 2-10).) The Austin TV Engineer employees that MV3 listed do not take part in the subject matter involved in MV3's case. (Ex. 1 (Second de Haas Decl.) at ¶¶ 3-10); Ex. 2 (Hodgins Decl.) at ¶¶ 1-3).)

As for Mr. de Haas, an executive in charge of Roku's Austin facility, he is distinctly qualified to understand which Roku personnel are performing the tasks associated with this case and where they work. Who better to know what the employees in Austin are involved in (and not involved in). In any event, even if Mr. de Haas were a witness, it would not change the fact that Northern California is the clearly more convenient venue.

### D. Roku Has Been as Specific as Necessary

Finally, MV3 relies on *Core Wireless Licensing S.A.R.L. v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 24922 (E.D. Tex. Feb. 22, 2013), to criticize Roku for failing to identify potential witnesses by name. (Dkt. 55 (MV3 Opp.) at 7.) In contrast to Apple's vague assertions, Roku identified its sources of proof with sufficient specificity to support transfer. Roku explicitly identified its Wi-Fi and media engineering teams and its sales, distribution, and marketing personnel. (Dkt. 52 (Roku Trans. Mot.) at 3-4.) Roku also explained that these discrete groups of Wi-Fi and media team engineers are knowledgeable about the research, design, and development of features of the accused products. (*Id*.)

Because all of the relevant Roku personnel are in Los Gatos or nearby on the Nevada/California border, it is unnecessary, under the circumstances, to identify them by name to weigh convenience. The law supports the level of specificity that Roku used. In *Odom v.*

*Microsoft Corp.*, 596 F. Supp. 2d. 995 (E.D. Tex. Jan. 30, 2009), the *Core Wireless* court granted a motion to transfer, noting the specificity with which Microsoft referenced its witnesses to be sufficient under the circumstances. 596 F. Supp. 2d at 1001-02. There, Microsoft stated that, "Microsoft employees with information about the development and operation of Microsoft 2007 are primarily located in Redmond, Washington" and argued that a specific list of key witnesses and their exact location is not required. (Ex. 3 (Harmon Decl.) at ¶ 4.)

## IV.  BEST BUY AND KOHL'S CASES — DO NOT WEIGH AGAINST TRANSFER

MV3 points to the cases it brought in this district against Best Buy and Kohl's, companies that are headquartered in Minnesota and Wisconsin, to argue against transfer. (Opp. at 9.) Both of these cases are Roku customer cases, and they have been stayed with the stipulation that the customers accept any adverse outcome from the dispute between Roku and MV3. Accordingly, contrary to MV3's argument, this case can be transferred to and resolved by the Northern District of California and judicial economy does not weigh against transfer.

## V.  DOCKET SPEED — DOES NOT WEIGH AGAINST TRANSFER

MV3 admits that it brought this case in the Western District of Texas — a forum with no ties to MV3 — for its docket speed. (Opp. at 10.) Docket speeds, however, are not determinative in a convenience analysis. *Affinity Labs of Tex., LLC v. BlackBerry Ltd.*, 2014 U.S. Dist. LEXIS 185024, *9-10 (W.D. Tex. June 11, 2014) (finding this factor neutral and granting a motion to transfer). This factor cannot outweigh the other factors and is the most speculative. *Genentech*, 566 F.3d at 1347.

## VI.  CONCLUSION

The case should be transferred. Roku's witnesses and documents are far away in N.D. Cal., where Roku is headquartered. MV3 has no connections to the Western District of Texas. The Northern District of California is clearly the most convenient venue for the dispute.

5

Respectfully submitted,

 /s/ Alexander J. Hadjis
Alexander J. Hadjis (*pro hac vice*)
Lisa M. Mandrusiak (*pro hac vice*)
Michael D. West (*pro hac vice*)
OBLON, MCCLELLAND, MAIER
& NEUSTADT, L.L.P.,
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000
ahadjis@oblon.com
lmandrusiak@oblon.com
mwest@oblon.com

Richard D. Milvenan
State Bar No. 14171800
McGINNIS LOCHRIDGE LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000
rmilvenan@mcginnislaw.com

ATTORNEYS FOR
DEFENDANT ROKU, INC.

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 25, 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record Pursuant to Local Rule 5(b).

<u>/s/ Lisa M. Mandrusiak</u>
Lisa M. Mandrusiak