**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **MV3 PARTNERS LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL NO. 6:18-CV-00308-ADA** |
| **ROKU, INC.,** | § | |
| *Defendant.* | § | |
| | § | |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

Before the Court is Defendant's Motion to Transfer Venue to the Northern District of California. ECF No. 52. Plaintiff filed its Response on March 13, 2019. ECF No. 55. Defendant filed its Reply in support of its Motion on March 25, 2019. ECF No. 57. Having considered the parties' briefing and the relevant authorities, the Court is of the opinion that the Motion should be **DENIED**.

### I.   Background

MV3 Partners LLC ("MV3") filed the above referenced action against Roku, Inc. ("Roku") on October 16, 2018, asserting infringement of United States Patent No. 8,863,223 (the "Patent"). The Patent discloses a set top box that provides functionality that enables a connected display device to render a television signal and enables an upconversion/upscaling process from a mobile computing device where media content residing on or being streamed to the mobile computing device is forwarded to a display device. Pl.'s Am. Compl. ¶ 12, ECF No. 5.

On February 27, 2019, Roku filed its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). Roku is a Delaware corporation with its headquarters and principal place of business in Los Gatos, California. Decl. of Scott De Haas ¶ 4, ECF No. 52-1. Roku also has offices located in Austin, Texas; Boston, Massachusetts; Chicago, Illinois; New York, New York; Cambridge,

United Kingdom; Denmark; Netherlands; and China. *Id.* Roku's Wi-Fi and media teams, who engineer the casting and mirroring functions allowing content from a mobile device to be shown on another display, are located in Los Gatos. *Id.* ¶ 8. Engineering documents associated with the Wi-Fi and media teams not stored electronically are almost exclusively stored in Los Gatos. *Id.* Roku also has a research and development facility in Austin, Texas, which employs TV engineers. *Id.* ¶ 9. According to Roku, these engineers do not work on casting and mirroring functions that allow content from a mobile device to be shown on another display. *Id.*

Several of MV3's expected witnesses also reside outside of the Western District. Decl. of Wayne Barr, Jr. ¶¶ 2–4, ECF No. 55-17. Mr. Jared Abbruzzese resides in Jupiter, Florida. *Id.* ¶ 2. Mr. David Marshack, a fact witness with relevant knowledge regarding the technology claimed in the Patent, resides in Bethesda, Maryland. *Id.* ¶ 3. Further, Mr. Dan Schonfeld, MV3's technical expert, is in Chicago, Illinois. *Id.* ¶ 4. MV3 represented to the Court that it plans to seek testimony from Roku's engineers located in Austin, Texas. Pl.'s Resp. at 4, ECF No. 55.

## II.    Legal Standard

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re*

2

*Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors are (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are to be decided based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*").

While a plaintiff's choice of venue is not an express factor in this analysis, the appropriate deference afforded to the plaintiff's choice is reflected in a defendant's elevated burden of proof. *Id.* at 315. In order to support its claim for a transfer under § 1404(a), the defendant must demonstrate that the transferee venue is "*clearly* more convenient" than the venue chosen by the plaintiff. *Id.* (emphasis added). Absent such a showing, however, the plaintiff's choice is to be respected. *Id.* The Court will evaluate the relevant private and public factors, addressing the parties' specific arguments where applicable.

### III.   Analysis

#### a.  Proper Alternate Venue

Under § 1400(b), venue is proper in the district where the defendant "resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Here, venue is proper in the Northern District of California because: (1) Roku maintains its headquarters in Northern California (i.e., Los Gatos); and (2) Roku's activities in Northern California involve acts that MV3 alleges infringe the Patent asserted in this case. Decl. of Scott De Haas ¶¶ 4, 6–8, ECF No. 52-1. Further, MV3 does not dispute that its case could have been brought in the Northern District of California. Thus, the Court finds that MV3 could have brought this action in the Northern District of California.

#### b.  Private Interest Factors

##### i.   *Relative Ease of Access to Sources of Proof*

The first private interest factor looks to where documents and physical evidence is stored. *See Volkswagen II*, 545 F.3d at 316 (discussing the location of documents and physical evidence relating to a vehicle accident). The majority of Roku's documents that are not stored electronically are stored at Roku's headquarters. Decl. of Scott De Haas ¶¶ 6–8, ECF No. 52-1. Other than stating that its documents are accessible from California, Roku does not provide any additional arguments regarding why it would be difficult or burdensome to make such documents available in Texas. Further, Roku does not explain why its Austin office would have difficulty gaining access to such documents. Finally, most evidence today is provided in electronic format and can be made available at the click of a mouse. Roku does not explain why, despite this reality, this factor still weighs in favor of transfer to Northern California. The Court

4

will not ignore the realities of today "in favor of a fictional analysis that has more to do with early Xerox machines than modern server forms." *Uniloc USA Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-CV-00642-JRG, ECF No. 216 at 8–9 (E.D. Tex. April 19, 2017).

Additionally, MV3 has represented to the Court that it intends to seek testimony from Roku employees based in Austin, Texas (i.e., in the Western District of Texas). Decl. of Rodney R. Miller ¶ 1, ECF No. 55-1. MV3 has represented to the Court that its Amended Complaint identifies Roku TVs and Roku's mobile app as exemplary infringing products. Pl.'s Resp. at 3, ECF No. 55. Further, MV3 contends that its indirect infringement theory relates, in part, to Roku's TV licensing program. *Id.* Roku admits that its Austin office employs its TV engineers. Decl. of Scott De Haas ¶ 9, ECF No. 52-1. MV3 has told the Court that several relevant Roku employees located in Austin have knowledge regarding these additional infringing functionalities. Pl.'s Resp. at 4, ECF No. 55. For example, MV3 intends to seek testimony from Matthew Hodgins, the Senior Lead Software Engineer who created an automated test framework for the Roku mobile app and the programming language used to create channels and applications. *Id.*; Pl.'s Resp., Ex. 5, ECF No. 55-6. Thus, there are a number of witnesses and sources of proof located in the Western District of Texas. Based on the foregoing, the Court finds that this factor weighs against transfer.

ii.    *Availability of Compulsory Process*

The second private-interest factor pertains to a court's ability to compel attendance of witnesses. *Volkswagen I*, 371 F.3d at 203. Roku's third-party witnesses are primarily its employees located at its headquarters in Los Gatos, California. Def.'s Mot. at 6, ECF No. 52. MV3 argues that the Court should discount Roku's argument since they have failed to identify any unwilling third-party witnesses. Pl.'s Resp. at 8, ECF No. 55. However, the case that MV3

cites in support of this assertion considered the willingness of witnesses when it analyzed the witness convenience factor instead of the compulsory process factor. *See Broadhead Ltd. P'ship v. Goldman, Sachs & Co.*, No. 2-06-CV-009, 2007 WL 951511, at *2–3 (E.D. Tex. Mar. 28, 2007) (discussing the willingness of witness attendance when considering the convenience of parties and material witnesses and failing to discuss this same fact when considering the availability of compulsory process). Thus, it is unclear whether Roku's failure to identify unwilling third-party witnesses should have an impact on the compulsory process factor. *Id.*

Nonetheless, a court "gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum." *Core Wireless Licensing, S.A.R.L. v. Apple, Inc.*, No. 6:12-CV-100, 2013 WL 682849, at *3 (E.D. Tex. Feb. 22, 2013). Here, Roku asserts that a number of its employees are located in Los Gatos, California; however, Roku fails to specifically identify a single third-party witness. *See id.* at *4 ("Apple fails to identify a single third party witness and states only that 'relevant third party witnesses are located in California."). To the extent there are any potential unwilling third-party witnesses, those individuals have not been adequately named. Because of these vague assertions, the Court finds that this factor does not weigh in favor of transfer.

### iii.    Cost of Attendance for Willing Witnesses

The third private interest factor is the cost of attendance for willing witnesses. *Volkswagen I*, 371 F.3d at 203. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Id.* at 1343 (citing *Volkswagen II*,

545 F.3d at 317). However, as other courts applying Fifth Circuit venue law have noted, the convenience of party witnesses is given little weight. *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010), *report and recommendation adopted* in A-09-CA-773-LY (ECF No. 20) (Apr. 14, 2010) ("[I]t is unclear whether Defendant is contending that the transfer would be more convenient for non-party witnesses or merely for their own employee witnesses. If the Defendant is referring to employee witnesses, then their convenience would be entitled to little weight.").  Further, a "party seeking a transfer of venue must do more than make general allegations that key witnesses are unavailable or are inconveniently located." *Id.* at *3 (citing *Am. Airlines, Inc. v. Rogerson ATS*, 952 F.Supp. 377, 384 (N.D. Tex. 1996)). Instead, the movant *must* identify specific witnesses and outline the substance of their testimony. *Id.*

Here, Roku relies almost exclusively on the fact that its employees would have to travel from Los Gatos, California to Texas. Def.'s Mot. at 7, ECF No. 52.  Thus, because Roku's argument regarding this factor focuses on its own employee witness, its employees' convenience is entitled to little weight. *ADS Sec. L.P.*, 2010 WL 1170976, at *4. Further, Roku has simply made general allegations that its employees are inconveniently located. Def.'s Mot. at 7–8, ECF No. 52 ("For Roku's witnesses to travel to the Western District of Texas, the witnesses would have to travel approximately 1,700 miles, which would require at least six hours of travel time each way and meals and lodging expenses, in addition to the time lost from work."). Thus, Roku has failed to identify specific witnesses, outline the substance of their testimony, and provide more than general allegations that its employees are inconveniently located. Additionally, MV3 points to three of its own out-of-state witnesses who, like Roku's employees, would also have to travel a large number of miles and incur additional travel expenses. Pl.'s Resp. at 6, ECF No. 55.

As such, the Court also finds that transferring the case to Northern California would not make it any more convenient for MV3's three out-of-state witnesses. Based on the above, the Court finds that this factor is neutral.

### iv.    All Other Practical Problems

The fourth private interest factor is all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203. Roku contends that this factor is neutral. Def.'s Mot. at 9, ECF No. 52. The Court agrees. The Court acknowledges that MV3 has parallel actions on the Patent presently pending before the Court. Pl.'s Resp. at 9, ECF No. 55. However, both these cases have been stayed pending the outcome of the present case, and the parties in both cases have agreed to accept any outcome in the present case that favors MV3. *MV3 Partners LLC v. Kohl's Corp.*, 6:18-CV-00373-ADA, ECF No. 36 (W.D. Tex. Feb. 22, 2019); *MV3 Partners LLC v. Best Buy Stores, LP, et al.*, 6:18-CV-00374-ADA, ECF No. 41 (W.D. Tex. Feb. 22, 2019). Accordingly, the Court agrees with Roku that this factor is neutral.

### C.  Public Interest Factors

#### i.    The Administrative Difficulties Flowing from Court Congestion

The first public interest factor is the administrative difficulties flowing from court congestion. *Volkswagen I*, 371 F.3d at 203. Roku contends that this factor is neutral. Def.'s Mot. at 9, ECF No. 52. MV3 does not dispute Roku's contentions. Thus, the Court finds that there are no administrative difficulties flowing from court congestion. Accordingly, the Court finds that this factor is neutral.

#### ii.    Local Interest in Having Localized Interest Decided at Home

The second public interest factor is the local interest in having localized interests decided at home. *Volkswagen I*, 371 F.3d at 203. Roku argues that this factor favors transfer because: (1)

Roku is headquartered in Northern California; (2) the accused infringing technologies were developed in Northern California; and (3) a large number of Roku employees are located in Northern California. Def.'s Mot. at 10, ECF No. 52. On the other hand, neither Party is headquartered in the Western District of Texas and MV3 has no employees located here. As discussed earlier, the Court disagrees with Roku that it has no relevant employees located in the Western District of Texas. Nonetheless, the Court finds that this factor favors transfer because Roku's headquarters is in Northern California, the accused infringing technologies were developed in Northern California, and a large number of Roku employees are located in Northern California. *Wireless Recognition Techs. LLC v. A9.com, Inc*., No. 10-364, 2012 U.S. Dist. LEXIS 19210, at *20 (E.D. Tex. Feb. 15, 2012) (local interest factor weighs in favor of transfer when defendants are headquartered, develop the accused products, and employ a large number of people in the transferee venue).

> ### iii.    The Forums' Familiarity with the Law Governing the Case & Avoiding Unnecessary Problems of Conflict of Laws

The third and fourth public interest factors are the forum's familiarity with the law that will govern the case and the avoidance of unnecessary conflicts of law problems. *Volkswagen I*, 371 F.3d at 203. Both Parties concede that neither of these factors should be given weight since both forums are familiar with patent law and there is no conflict of laws issue since infringement issues are governed by federal law. Def.'s Mot. at 11, ECF No. 52; Pl.'s Resp. at 10, ECF No. 55. Accordingly, the Court finds that both these factors are neutral.

## IV.    Conclusion

Although the Court finds that the local interests in having localized interests decided at home favors transfer, the Court believes that MV3's intention to seek testimony from employees with relevant information in Austin outweighs that factor. Thus, having considered the relevant

factors, the Court is of the opinion that Roku has not satisfied its "significant burden" to show good cause as to why this case should be transferred. *Volkswagen II*, 545 F.3d at 315 n.10. Under Fifth Circuit law, "when the transferee venue is not *clearly* more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315 (emphasis added). Accordingly, Roku's Motion to Transfer Venue is **DENIED**.

     **SIGNED** this 25th day of June, 2019.


_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE