# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **MV3 PARTNERS LLC,** | § <br> § Civil Action No.: 6:18-cv-308-ADA <br> § <br> **Plaintiff,** § <br> § **JURY TRIAL DEMANDED** <br> v. § <br> § <br> **ROKU, INC.,** § <br> § <br> **Defendant.** § <br> § |

## JOINT CLAIM CONSTRUCTION STATEMENT

In accordance with the Scheduling Order (D.I. 51) entered in this action, Plaintiff MV3 Partners LLC ("MV3") and Defendant Roku, Inc. ("Roku") submit this Joint Claim Construction Statement.  The patent involved in this case is U.S. Patent No. 8,863,223 ("the '223 Patent"), attached as Exhibit A.  The '223 Patent claims that are asserted in the above-referenced case are claims 1-3, 5, 6, 15, 21, 23, 25, 29-35, 37, 38, 47, 53, 55-57, 59, and 61.

## I. AGREED CONSTRUCTIONS, POINTS OF AGREEMENT AND REQUEST FOR DETERMINATION AS PART OF *MARKMAN* PROCESS

There are no claim terms on which the parties agree as to construction.

## II. LIST OF DISPUTED TERMS FOR CONSTRUCTION

The parties provide the following list of disputed terms for construction:

| Claim Term | MV3's Proposed Construction | Roku's Proposed Construction |
|---|---|---|
| "accepted in" (Claims 1 and 32) | No construction necessary. Alternatively, the following is provided in the event the Court determines a construction is necessary: "connected through a wired or wireless connection" | "held in" |
| "configured to accept" (Claims 1, 23, 32, and 55) | No construction necessary. Alternatively, the following is provided in the event the Court determines a construction is necessary: "capable of connecting through a wired or wireless connection" | "designed to hold" |
| "adaptive circuitry" (Claims 1, 30, 32) | No construction necessary. Alternatively, the following is provided in the event the Court determines a construction is necessary: "circuitry that is adapted to process the media content transmitted from unicast and multicast broadcasts" | "a circuit that adjusts the operational characteristics of its components based on changes in its input signal" |
| "determining the native display resolution of the | No construction necessary. Alternatively, the following is | "using the particular data provided by the display device |

1

| | | |
|---|---|---|
| second size format of the display device based on a response resulting from the query of the display device" (Claims 1 and 30) | provided in the event the Court determines a construction is necessary: "determining the maximal allowed display resolution of the second size format of the display device based on a response resulting from a request for information from the display device" | to calculate the number of physical horizontal and vertical pixels in the screen of the display device" |
| "television signal" (Claims 1 and 30) | No construction necessary. Alternatively, the following is provided in the event the Court determines a construction is necessary: "signal used to convey television content over a communication network such as broadcast, cable, satellite, and Internet networks" | "audio, video, and, optionally, data signals for broadcasts over the air, by satellite, and by cable over a range of frequencies" |
| "determining, based on the validity of the user, that the received first media content is permitted to be provided to the display device" (Claims 1, 30, and 32) | No construction necessary. Alternatively, the following is provided in the event the Court determines a construction is necessary: "determining based on the validity of the user that the received first media content is allowed to be provided to the display device" | "establishing whether the first media content is permitted to be provided to the display device after verifying the validity of the mobile computing device user" |
| "docking port" (Claims 1, 30, and 32) | No construction necessary. Alternatively, the following is provided in the event the Court determines a construction is necessary: "hardware and/or software that enables a wired or wireless connection" | "physical interface into or on which another component may be placed" |
| "mobile set top box" (All asserted claims) | No construction needed as the preamble is not limiting.<br><br>Even if the Court finds the preamble to be limiting, no construction is necessary and the term should be given its plain and ordinary meaning. | "a device that converts an input television signal to an output signal to a television set and also permits content from a mobile computing device to be displayed on the same display device to which the device is connected" |

2

|  | Alternatively, the following is provided in the event the Court determines a construction is necessary: "hardware and/or software that combines the functionality of a set top box and a mobile communication system" |  |
|---|---|---|
| "multicast broadcasts" (Claims 1, 30, and 32) | No construction necessary. Alternatively, the following is provided in the event the Court determines a construction is necessary: "communication to more than one recipient" | "transmitting simultaneously from a single sender to more than one recipient" |

Dated:  July 3, 2019                                      RESPECTFULLY SUBMITTED,

_____

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
MANN | TINDEL | THOMPSON
300 W. Main Street
Henderson, Texas 75652
913 Franklin Ave., Suite 201
Waco, Texas 76701
Telephone:  (903) 657-8540
Facsimile: (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
MANN | TINDEL | THOMPSON
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
HALEY & OLSON, P.C.
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
Jack Shaw (CA Bar No. 309382)
(Admitted in this District)
jshaw@kasowitz.com
Gurtej Singh (CA Bar No. 286547)
(Admitted in this District)
gsingh@kasowitz.com
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Daniel C. Miller (NY Bar No. 4232773)
(pro hac vice)
KASOWITZ BENSON TORRES LLP
1399 New York Avenue NW, Suite 201
Washington, DC  20005
Telephone:  (202) 760-3400
Facsimile:   (202) 760-3401
Email: dcmiller@kasowitz.com

Rodney R. Miller (Texas Bar No. 24070280)
(Admitted in this District)
KASOWITZ BENSON TORRES LLP
1349 West Peachtree Street N.W., Suite 1500
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081
Email: rmiller@kasowitz.com

**ATTORNEYS FOR PLAINTIFF
MV3 PARTNERS LLC.**


/s/ Alexander J. Hadjis
Alexander J. Hadjis (*pro hac vice*)
Lisa M. Mandrusiak (*pro hac vice*)
Michael D. West (*pro hac vice*)
OBLON, MCCLELLAND, MAIER
& NEUSTADT, L.L.P.,
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000
ahadjis@oblon.com
lmandrusiak@oblon.com
mwest@oblon.com

Richard D. Milvenan
State Bar No. 14171800
McGINNIS LOCHRIDGE LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000
rmilvenan@mcginnislaw.com

**ATTORNEYS FOR
DEFENDANT ROKU, INC.**

## **CERTIFICATE OF SERVICE**

      A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on this 3rd day of July, 2019.

_____
Andy Tindel