IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MV3 PARTNERS LLC, | § <br> § Civil Action No.: 6:18-cv-308-ADA <br> § <br> Plaintiff, § <br> § JURY TRIAL DEMANDED <br> v. § <br> § <br> ROKU, INC., § <br> § <br> Defendant. § <br> § |

## ANSWER TO COUNTERCLAIMS

Plaintiff and Counterclaim Defendant MV3 Partners LLC ("MV3"), by and through its undersigned counsel, hereby submits its Answer to Roku's ("Roku") Counterclaims [D.I. 39] (the "Counterclaims") as follows:

## GENERAL DENIAL

Unless specifically admitted below, MV3 denies each and every allegation in the Counterclaims.

## COUNTERCLAIMS

### PARTIES

1. MV3 admits that, upon information and belief, Roku is a corporation organized and existing under the laws of Delaware. MV3 further admits that, upon information and belief, Roku has a place of business at Winchester Circle, Los Gatos, California. Except as expressly admitted, MV3 denies the allegations contained in paragraph 1 of the Counterclaims.

2. MV3 admits that it is a limited liability company organized and existing under the laws of Florida, with a principal place of business at 4440 PGA Blvd., Suite 600, Palm Beach

Gardens, Florida 33410.

## JURISDICTION AND VENUE

3.     MV3 admits that the counterclaims purportedly relate to MV3's claims for patent infringement and purportedly arise under the patent laws of the United States, Title 35 of the United States Code.  Except as expressly admitted, MV3 denies the allegations contained in paragraph 3 of the Counterclaims.

4.     MV3 admits that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act.  Except as expressly admitted, MV3 denies the allegations contained in paragraph 4 of the Counterclaims.

5.     MV3 admits that the Court has personal jurisdiction over MV3 for the purposes of this action only because MV3 has filed this action against Roku.  MV3 admits that venue is appropriate in this District.  Except as expressly admitted, MV3 denies the allegations contained in paragraph 5 of the Counterclaims.

6.     MV3 admits that an actual and justiciable controversy exists between MV3 and Roku.  Except as expressly admitted, MV3 denies the allegations contained in paragraph 6 of the Counterclaims.

**FIRST COUNTERCLAIM**
**(Purported Declaratory Judgment of Non-Infringement[1])**

7.     MV3 incorporates by reference its responses to each paragraph above as if fully set forth herein.

8.     MV3 admits that it is the owner of all right, title, and interest in the '223 patent.

---

[1] MV3's recital of headers or titles from the Counterclaims is for reference only and is not intended to admit or deny any allegations contained therein.  To the extent any allegations are separately made by Roku in those headers or titles, those allegations, including any characterizations contained or implied in any of those headers or titles in the Counterclaims, are denied.

2

9. MV3 admits that it is alleging that Roku has infringed and continues to infringe the '223 patent in its Amended Complaint.

10. MV3 denies each and every allegation set forth in paragraph 10 of the Counterclaims.

11. MV3 admits that there is an actual and justiciable controversy between MV3 and Roku with respect to the infringement of the '223 patent.  Except as expressly admitted, MV3 denies the allegations contained in paragraph 11 of the Counterclaims.

12. MV3 denies each and every allegation set forth in paragraph 12 of the Counterclaims.

## SECOND COUNTERCLAIM
### (Purported Declaratory Judgment of Invalidity)

13. MV3 incorporates by reference its responses to each paragraph above as if fully set forth herein.

14. MV3 denies each and every allegation set forth in paragraph 14 of the Counterclaims.

15. This paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, MV3 denies the allegations set forth in paragraph 15 of the Counterclaims.

16. This paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, MV3 denies the allegations set forth in paragraph 16 of the Counterclaims.

17. This paragraph sets forth a legal conclusion to which no response is required.  To the extent a response is required, MV3 denies the allegation set forth in paragraph 17 of the Counterclaims.

18. This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, MV3 denies the allegation set forth in paragraph 18 of the Counterclaims.

19. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 19 of the Counterclaims.

20. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 20 of the Counterclaims.

21. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 21 of the Counterclaims.

22. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 22 of the Counterclaims.

23. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 23 of the Counterclaims.

24. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 24 of the Counterclaims.

25. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 25 of the

Counterclaims.

26. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 26 of the Counterclaims.

27. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 27 of the Counterclaims.

28. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 28 of the Counterclaims.

29. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 29 of the Counterclaims.

30. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 30 of the Counterclaims.

31. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 31 of the Counterclaims.

32. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 32 of the Counterclaims.

33. This paragraph sets forth legal conclusions to which no response is required. To

the extent a response is required, MV3 denies the allegations set forth in paragraph 33 of the Counterclaims.

34. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, MV3 denies the allegations set forth in paragraph 34 of the Counterclaims.

35. MV3 admits that there is an actual and justiciable controversy between MV3 and Roku with respect to the validity of the '223 patent. Except as expressly admitted, MV3 denies the allegations contained in paragraph 35 of the Counterclaims.

36. MV3 denies each and every allegation set forth in paragraph 36 of the Counterclaims.

### THIRD COUNTERCLAIM
### (Purported Inequitable Conduct)

37. MV3 incorporates by reference its responses to each paragraph above as if fully set forth herein.

38. MV3 admits that there was an Office Action dated October 4, 2011 in which claims were rejected as obvious in part with regard to the Tee and Kung references. Further, this paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, and except as expressly admitted, MV3 denies the allegations set forth in paragraph 38 of the Counterclaims.

39. MV3 admits claim 27 was added and that the applicant had a telephone interview with the examiner. Further, MV3 admits that applicant made arguments with regard to certain references. Except as expressly admitted, MV3 denies the allegations contained in paragraph 39 of the Counterclaims.

40. MV3 admits that the May 10, 2012 Final Office Action included a rejection of

claims and a rejection for obviousness.  Except as expressly admitted, MV3 denies the allegations contained in paragraph 40 of the Counterclaims.

41.     MV3 admits that the applicant had an interview with the examiner on August 15, 2012.  MV3 also admits that the applicant filed a Request for Continued Examination with another amendment on November 13, 2012.  Except as expressly admitted, MV3 denies the allegations contained in paragraph 41 of the Counterclaims.

42.     MV3 admits that another Office Action issued on December 24, 2012.  Except as expressly admitted, MV3 denies the allegations contained in paragraph 42 of the Counterclaims.

43.     MV3 admits that an interview with an examiner was held on June 20, 2013, and that the applicant filed amendments on June 24, 2013.  Except as expressly admitted, MV3 denies the allegations contained in paragraph 43 of the Counterclaims.

44.     MV3 admits that a Final Office Action issued on October 10, 2013.  Except as expressly admitted, MV3 denies the allegations contained in paragraph 44 of the Counterclaims.

45.     Exhibit A referenced in paragraph 45 was not attached to the Counterclaims; however, to the extent Roku purports that the allegations contained in paragraph 45 relate to the Request for Continued Examination filed on April 10, 2014, MV3 admits that the amendment added an additional limitation to independent claim 27.  Except as expressly admitted, MV3 denies the allegations set forth in paragraph 45 of the Counterclaims.

46.     Exhibit A referenced in paragraph 46 was not attached to the Counterclaims; however, to the extent Roku purports that the allegations contained in paragraph 46 relate to the Request for Continued Examination filed on April 10, 2014, MV3 admits that the statement referenced in the excerpt in paragraph 46 was from the Request for Continued Examination and the amendment filed on April 10, 2014 at page 12.  Except as expressly admitted, MV3 denies the

allegations set forth in paragraph 46 of the Counterclaims.

47. MV3 denies each and every allegation set forth in paragraph 47 of the Counterclaims.

48. MV3 admits that a May 14, 2014 Office Action was issued that indicated that the majority of the claims were allowable. Except as expressly admitted, MV3 denies each and every allegation set forth in paragraph 48 of the Counterclaims.

49. Exhibit B referenced in paragraph 49 was not attached to the Counterclaims; however, to the extent Roku purports that the allegations contained in paragraph 49 relate to the Notice of Allowance that issued, MV3 admits that a Notice of Allowance issued. MV3 further admits that the excerpt referenced in paragraph 49 was from the Notice of Allowance at page 6. Except as expressly admitted, MV3 denies the allegations set forth in paragraph 49 of the Counterclaims.

50. This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, MV3 denies the allegation set forth in paragraph 50 of the Counterclaims.

51. MV3 denies each and every allegation set forth in paragraph 51 of the Counterclaims.

52. MV3 admits that there is an actual and justiciable controversy between MV3 and Roku with respect to the enforceability of the '223 patent. Except as expressly admitted, MV3 denies the allegations contained in paragraph 52 of the Counterclaims.

53. MV3 denies each and every allegation set forth in paragraph 53 of the Counterclaims.

## RESPONSE TO ROKU'S PRAYER FOR RELIEF

MV3 hereby incorporates by reference the foregoing paragraphs as if fully set forth herein. MV3 denies that Roku is entitled to the relief requested in its prayer for relief and denies the allegations therein.

## DEMAND FOR JURY TRIAL

Roku's demand for a jury trial does not require an admission or denial. MV3 has also demanded a jury trial on all issues raised by the Counterclaims.

Dated:  July 9, 2019                Respectfully submitted,

*/s/ Andy Tindel*

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
MANN | TINDEL | THOMPSON
300 W. Main Street
Henderson, Texas 75652
913 Franklin Ave., Suite 201
Waco, Texas 76701
Telephone:  (903) 657-8540
Facsimile: (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
MANN | TINDEL | THOMPSON
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
HALEY & OLSON, P.C.
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
Jack Shaw (CA Bar No. 309382)
(Admitted in this District)
jshaw@kasowitz.com
Gurtej Singh (CA Bar No. 286547)
(Admitted in this District)
gsingh@kasowitz.com
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Daniel C. Miller (NY Bar No. 4232773)
KASOWITZ BENSON TORRES LLP
1399 New York Avenue NW, Suite 201
Washington, DC  20005
Telephone:  (202) 760-3400
Facsimile:   (202) 760-3401
Email: dcmiller@kasowitz.com

Rodney R. Miller (Texas Bar No. 24070280)
(Admitted in this District)
KASOWITZ BENSON TORRES LLP
1349 West Peachtree Street N.W., Suite 1500
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081
Email: rmiller@kasowitz.com

**ATTORNEYS FOR PLAINTIFF
MV3 PARTNERS LLC**

## **CERTIFICATE OF SERVICE**

  A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on this 9th day of July, 2019.

_____
Andy Tindel