UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MV3 PARTNERS LLC,<br><br>             Plaintiff,<br>v.<br><br>ROKU, INC.,<br><br>             Defendant. | Civil Action No.: W-6:18-cv-00308-ADA<br><br>**JURY TRIAL DEMANDED** |

**ROKU'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION
TO MV3'S MOTION TO AMEND INFRINGEMENT CONTENTIONS**

MV3's claims that DIAL — a third party casting function that is supported by Roku streaming media devices — is somehow part of its preliminary infringement contentions because a sentence that it contends relates to DIAL, (MV3 Reply at 2-3), appears in a few website captures. That claim misstates the facts, and it is actually belied by MV3's own alteration of the same website captures to which it now cites.

MV3 <u>purposefully modified those website captures to exclude discussions of DIAL and casting</u> from each iteration of its infringement contentions. This highlights what is consistent with MV3's failure to reference DIAL in its infringement contentions, (*e.g.,* Roku's Opp. to MV3's Mot. to Amend., Exs. 1-3) — that MV3 did not include DIAL as an infringing functionality in its contentions, and it is now merely trying to justify its motion to amend.

In particular, MV3's preliminary infringement contentions include a capture from a page of Roku's website entitled, "Can I display content from my phone on my TV using a Roku® streaming device." (MV3 Reply at 3, Ex. 9.) The actual Roku webpage describes each of the three options — Play on Roku, screen mirroring, and casting (*i.e.*, DIAL) — in detail in three separate sections. The actual webpage is reproduced below on the left.

Yet, in each of the several instances that MV3 references this webpage in its contentions, MV3 <u>modified the webpage to completely remove the casting (*i.e.*, DIAL) section</u>. Thus, through its modification, MV3 only referenced Play on Roku and screen mirroring. The modified page that appears in MV3's contentions is reproduced, below, next to the actual

webpage.

| Actual Roku Webpage | Webpage Modified by MV3 |
|---|---|
| *[screenshot of Roku webpage containing sections: "Can I display content from my phone on my TV using a Roku® streaming device?", "What is Play on Roku?", "What is screen mirroring?", and "What is casting?"]* | *[screenshot of modified webpage containing only: "Can I display content from my phone on my TV using a Roku® streaming device?", "What is Play on Roku?", and "What is screen mirroring?", with the "What is casting?" section deleted (highlighted by a red box)]* |

(Screen shot from full website (left), and screen shot from MV3's preliminary contentions, included as MV3 Reply, Ex. 9 (right).)

This confirms that MV3 did not allege infringement by DIAL. Had MV3 intended to assert infringement against DIAL, it would have simply included, as opposed to deleting, the more detailed discussion of this functionality, as it included those sections for the accused functionalities, Play on Roku and screen mirroring.

MV3 also references two hyperlinks that appear in the webpage grabs in its contentions, to now contend that if the websites are viewed they "relate directly to DIAL." (MV3 Reply at 3.) Neither supports the argument that MV3 is making now.

2

The first hyperlink takes you to the same page discussed and compared to the modified page, above. Again, as outlined above, while the actual webpage itself includes information on DIAL, MV3 purposefully excised this information from its contentions.

For the second hyperlink, a comparison of the actual second webpage to what MV3 modified and included in its contentions illustrates precisely the same conscious decision by MV3 — to exclude casting from its contentions. The webpage is entitled, "How do I use screen mirroring with my Android™ or Windows® device?"

The following is precisely, and entirely, the content MV3 included in its contentions:



(Screenshot from preliminary contentions included in MV3 Reply as Ex. 9 at internal page 53.) MV3's screenshot is dedicated to screen mirroring, and includes no reference to casting or DIAL whatsoever.

The actual webpage, however, addresses DIAL.  It continues by explaining the differences between screen mirroring and casting (*i.e.*, DIAL).  Yet, this information was removed by MV3 and excluded from its contentions:



(Partial screen shot from full website produced by Roku on April 19, 2019 as ROKU00005257 (the webpage continues comparing casting and screen mirroring in greater detail).)  Thus, in each of the several instances this webpage is referenced in its contentions, MV3 only included a reference screen mirroring — purposefully excluding casting/DIAL from its screenshots as shown above.

Again, this illustrates that MV3 did not implicate DIAL.  Had it intended to allege infringement by DIAL, MV3 would have included, not excluded, the discussion of this functionality along with screen mirroring.

4

MV3 is adding an entirely new operation, and its motion should be denied for the reasons detailed in Roku's opposition. Adding DIAL now — after discovery has closed and initial expert reports have been exchanged — would severely prejudice Roku. MV3 delayed when it should have sought relief long ago. Roku should not now be placed in an unfair position due to MV3's inaction.

Respectfully submitted,

 /s/ Alexander J. Hadjis
Alexander J. Hadjis (*pro hac vice*)
Lisa M. Mandrusiak (*pro hac vice*)
Michael D. West (*pro hac vice*)
OBLON, MCCLELLAND, MAIER
& NEUSTADT, L.L.P.,
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000
ahadjis@oblon.com
lmandrusiak@oblon.com
mwest@oblon.com

Richard D. Milvenan
State Bar No. 14171800
McGINNIS LOCHRIDGE LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000
rmilvenan@mcginnislaw.com

David N. Deaconson
State Bar No. 05673400
Pakis, Giotes, Page & Burleson, P.C.
400 Austin Avenue
Waco, TX 76701

ATTORNEYS FOR
DEFENDANT ROKU, INC.