**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **MV3 PARTNERS LLC,** §  § | | |
| *Plaintiff,* § | | |
| § | **6:18-CV-00308-ADA** | |
| v- § | | |
| § | | |
| **ROKU, INC.,** § | | |
| *Defendants* § | | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO AMEND FINAL INFRINGEMENT CONTENTIONS**

Before the Court is Plaintiff MV3 Partners LLC's Opposed Motion for Leave to Amend Final Infringement Contentions, which was filed on January 16, 2020. ECF No. 96. Defendant Roku filed its Opposition on January 28, 2020. ECF No. 99. MV3 filed its Reply in Support on February 7, 2020. ECF No. 107. Roku filed its opposed sur-reply on March 19, 2020. ECF No. 136. For the reasons described herein,6 the Court **GRANTS** MV3's Motion.

**I.      Factual Background**

MV3 filed its Final Infringement Contentions on September 24, 2019 but seeks to amend these contentions based on documents it later received regarding the DIAL functionality of Roku devices. ECF No. 96 at 5.

**II.     Legal Standard**

A party may amend its infringement contentions only if good cause exists and the Court consents. *See* Fed. R. Civ. P. 16(b)(4). In the Fifth Circuit, district courts use a four factor test to determine whether there is good cause to modify the scheduling order. *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). The four factors are: (1) the explanation for the failure to meet the deadline; (2) the importance of the amendment; (3)

potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *See id.*

### III. ANALYSIS

MV3 contends there is good cause for its motion to be granted based on the balancing of four factors. ECF No. 96 (citing *Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-878-RWS-JDL, 2015 WL 1774448, at *2 (E.D. Tex. Apr. 16, 2015). Roku disagrees. ECF No. 99.

#### A. Factor 1—The Explanation for the Party's Failure to Meet the Deadline

MV3 argues that it was diligent in seeking discovery of relevant late produced documents. ECF No. 96 at 5. On September 5, 2019, Roku initially produced some source code in response to MV3's Requests for Production of Documents, Nos. 3, 4, and 5. *Id.* On September 24, 2019, MV3 requested the remaining code and received it on October 16. *Id.* MV3 also served its Final Infringement Contentions on September 24, 2019. *Id.* On December 6, 2019, after reviewing the new code, MV3 requested documents related to ▮. *Id.* at 6. MV3 did not receive the ▮ documents until January 8, 2020. *Id.* at 7.

Roku argues that the MV3 has not been diligent. ECF No. 99 at 2. In particular, Roku argues that MV3 had the DIAL source code for over three months before filing its motion to amend. *Id.* at 3. Roku further argues that the ▮ documents are an irrelevant red herring. *Id.* at 8. Roku also argues that even if the ▮ documents are relevant, they are nonetheless publicly available. *Id.* at 7-8. Roku finally argues that MV3 does not seek to add a simple doctrine of equivalence theory but rather is attempting add an entirely new operation to its contentions. *Id.*

In its reply, MV3 contends that DIAL is part of the case, and that Roku has been on notice of it throughout the case. ECF No. 107 at 2. MV3 further contends that it is not adding an

entirely new operation, but it is just seeking to include information it previously requested. *Id.* at 3. MV3 also argues that it pursued DIAL during discovery but was impeded by Roku. *Id.* at 4.

Given the cat-and-mouse games played during discovery, the Court finds that MV3 was unable to fully articulate its infringement theory by the original deadline. During discovery, it appears that Roku delayed producing portions of source code and the ▆ documents. Therefore, in view of Roku's actions, the Court finds that MV3 was sufficiently diligent, although there was room for improvement.

### B.   Factor 2—Importance of the Amendment

Roku argues that MV3's delay in adding DIAL to its infringement theory shows the lack of importance of the theory to the case. ECF No. 99 at 8.

MV3 counterargues that the amendment is important because, without it, MV3 would not be able to present a full infringement theory. ECF No. 96 at 8. MV3 also states that its absence would require MV3 to go on trial without a complete record. *Id.*

The Court finds that this amendment is important because it allows MV3 to fully present its infringement theory.

### C.   Factor 3—Potential Prejudice in Allowing the Amendment

Roku argues that it is hard to believe that it will not suffer any prejudice by an amendment to the infringement allegations. ECF No. 99 at 8. In particular, Roku contends that it will have to determine how third parties implement DIAL, which will be difficult considering that third party discovery is no longer available. *Id.* at 9. Roku further states that it will suffer prejudice regarding its invalidity case since MV3 is shifting of the scope of the claims. *Id.* Roku argues that such a shift would require it to need time to search for additional prior art. *Id.* at 10.

MV3 argues that Roku is not prejudiced because Roku was on notice that DIAL was an issue. ECF No. 96 at 9. MV3 further contends that if Roku does suffer some sort of prejudice, it is because Roku failed to produce the requested documents in a timely manner. *Id.* MV3 further argues that it is actually the party suffering prejudice due to Roku's request for a three-month continuance. ECF No. 107 at 5.

The Court finds that MV3 will suffer more prejudice if the Court denies its motion than Roku will suffer if the Court grants MV3's motion. Because of the importance of this amendment, MV3 will suffer significant prejudice, which cannot be cured by a continuance. By contrast, not only can any prejudice to Roku be cured by a continuance, because Roku delayed producing relevant documents, it partially created any ultimate prejudice it may suffer. Furthermore, because Roku was aware of the potential infringement of DIAL throughout the case, it is not unreasonable to expect that Roku should have taken steps to prepare its defense for that accused feature as it became more and more obvious that MV3 intended to accuse DIAL. Because Roku failed to take steps at the time to reduce any prejudice it might suffer in the future, its inaction weighs against it when the Court evaluates the prejudice in allowing this amendment.

### D. Factor 4—Availability of a Continuance to Cure Such Prejudice

Roku argues that a continuation would be required because it would need to understand third-party implementation and complete another prior art search. ECF No. 99 at 10.

MV3 argues that Roku's failure to timely produce requested materials should not be rewarded with a continuance. *Id.* MV3 further argues that a continuation is not required because trial is not scheduled until June 2020. ECF No. 96 at 10.

As a preliminary matter, the Court concludes that a continuance may—although it is not certain to—be needed. On one hand, the Court finds additional time could be helpful for Roku

to understand third-party implementation. On the other hand, Roku's own inaction mitigates against a continuance. Finally, the Court does not believe that allowing the amendment makes it necessary for Roku to conduct another prior art search.

To the extent there is any prejudice, the Court believes that a very short continuance—if needed—would cure that prejudice.

**IV.   CONCLUSION**

Based on the foregoing, Plaintiff MV3's Motion for Leave to Amend Final Infringement Contentions is **GRANTED** (ECF No. 96).

**SIGNED** this 23rd day of March, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE