# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MV3 PARTNERS LLC,<br><br>             Plaintiff,<br>v.<br><br>ROKU, INC.,<br><br>             Defendant. | Civil Action No.: W-6:18-cv-00308-ADA<br><br>**JURY TRIAL DEMANDED** |

# ROKU'S OPPOSED MOTION FOR A
# CONTINUANCE DUE TO THE COVID-19 PANDEMIC

Roku is approaching the Court to request a continuance of the trial, currently scheduled for June 1, 2020, in this case. Roku does not take this request lightly, and it has not arrived at lodging the request without a significant amount of consideration and reflection. The Covid-19 pandemic, however, has progressed to the point at which it is preventing us from going forward in June. Roku approached counsel for MV3 Partners about filing a joint request, and MV3 declined.

The pandemic poses an obvious and inherent grave risk to everyone. Consistent with that, almost everybody involved in this case — witnesses, attorneys, staff and support, clients, and third party vendors — is under a stay-at-home order. The stay-at-home orders that apply to our team, compared against the impending timing of our trial, prevent us from preparing for trial and will likely also prevent us from appearing in Waco for trial.

Roku cannot execute many, if not most, of the preparations necessary for trial since witnesses, attorneys, staff and support, the client, and third party vendors cannot meet in person. We will not, among other things, be able to prepare fact and expert witnesses, work with graphics consultants, hold a mock trial, or have access to necessary industrial office equipment, such as printers and scanners.

Moreover, like many people, counsel and the witnesses in question either are or have close contact with persons who are considered to be at heightened risk from Covid-19 virus. As such, we feel that our adherence to our governmental authorities' orders and guidance requirements during this time is especially important.

As the Court is no doubt aware, the President's task force, CDC, WHO, and the vast majority of state and local governments, have prohibited and/or advised against non-essential travel and gatherings. These federal and local restrictions apply to every component of our team.

On Monday, March 30, 2020, Virginia and Maryland all issued strict restrictions affecting the entire professional and support staff of Roku's Oblon legal team. Failure to comply with these orders is a misdemeanor punishable by fine and/or imprisonment. (*See* Ex. 1, Virginia Order, bottom of page 2; Ex. 2, Maryland Order, Section VIII.) These orders collectively prevent Roku's legal team from preparing for and attending trial.

The Virginia order, which governs Oblon's office, mandates residents to remain at home, except for the specific reasons enumerated in the order, until June 10, 2020 — well after our trial is scheduled to go forward on June 1. (Ex. 1, paragraph 1.) While the order allows individuals to leave their home to go to work on a daily basis, (Ex. 1, at paragraph 1.f), it also requires that people maintain social distancing in shared spaces, (Ex. 1, at paragraph 1), and in compliance with this, Oblon employees (including the attorneys on this case) are working from home.

This Virginia order alone makes trial preparation very challenging, as it essentially prohibits in-person meetings. When the Maryland order is factored in, in-person interactions are foreclosed.

The Maryland order only allows residents to leave their homes for essential activities. (Ex. 2, Section II.) All non-essential businesses are closed, and work outside the home is permitted only for critical infrastructure sectors, which does not include law firms. (Ex. 2, Section IV.)

Thus, per the orders, Roku's Oblon team members that live in Maryland (which includes an attorney, all the paralegals, and all of the support staff) are not permitted to leave their home, effective as of March 30, 2020, with no end date. Under these restrictions, normal trial preparations that would need to occur in the coming weeks, such as preparing documents and exhibits, are not possible. And, assuming the order remains in place, traveling to trial in Waco

2

for the June 1 trial will not be feasible for these key team members.

Similar guidelines prevent adequate preparation and prohibit travel for Roku. Roku's employees in California are under a shelter-in-place order, which has been in place since March 19, 2020, and does not have an end date. (Ex. 3, California Order.) All residents are mandated to stay at home except for those who work in critical infrastructure sectors, which does not include Roku. (Ex. 3, page 1.)

Roku's employees carry out a critical legal management and supervision role for the company and Roku's employees are also necessary fact witnesses for trial. Again, in-person preparations involving in-house counsel and witnesses that need to occur over the coming weeks are not permissible under the order. And, assuming the order remains in place, traveling to trial in Waco for the June 1 trial will not be possible for these key participants.

Further complicating matters, Waco is currently operating under a shelter-in-place order until April 21, 2020, and the governor of Texas has mandated a compulsory quarantine for air travelers from the states of New York, New Jersey, Connecticut, California, Washington, and Louisiana, as well as the cities of Miami, Atlanta, Detroit, and Chicago. The quarantine for travelers into Texas currently has no end date, and would affect Roku's in-house counsel and Roku witnesses, essentially requiring an additional two weeks away from work and family on top of the trial time and preparation — to the extent those individuals would even be permitted to fly in view of other states' actions.

Finally, gathering the parties together as a large group in front of the jury could unnecessarily risk the jury, Court, the Court's staff, the witnesses, the parties, and their counsel. In recognition of these unique risks and the unprecedented circumstances associated with the Covid-19 pandemic, Courts have granted continuances, including trials scheduled later than the

3

June 1 date in this case.  *E.g.*, *Saint Lawrence Communications LLC v. Amazon.com, Inc. et al.*, No. 2:19-cv-00027, D.I. 81 (E.D. Tex. Mar. 19, 2020) (granting joint motion to continue all deadlines for 30 days, including July 7, 2020, trial date); *Solas Oled Ltd. v. Samsung Display Co., Ltd. et al.*, D.I. 92 (E.D. Tex. Mar. 25, 2020) (granting two week continuance of fact and expert discovery deadlines "without foreclosing the possibility that the Parties may require additional relief at a later date as the current health crisis evolves"); *Mahone v. River City Recovery, LLC*, D.I. 61 (E.D. Va. Mar. 26, 2020) (granting unopposed motion to continue case 120 days, including Aug. 2, 2020, trial date, in view of Covid-19 pandemic); *Doe, A.L. v. United States*, 2.16 –cv-02627, D.I. 109 (D. Kan. Mar. 25, 2020) (granting opposed motion to continue a May 4, 2020, trial indefinitely in view of Covid-19 pandemic).

      This request is made for good cause, and will not result in undue prejudice to any party. To the contrary, even assuming for the sake of argument that Roku and its team could arrive in Waco on time, going forward with trial on June 1 would be prejudicial to Roku in view of the restrictions that will prevent pre-trial preparation.  In addition, a continuance will not prejudice MV3 since it is it is a non-practicing entity that does not compete with Roku.

      Continuing the trial will allow the Court and the parties to proceed with the case in the most efficient and orderly fashion, and will protect the safety of the participants in this case and their communities.  To move the on-going activities forward, Roku suggests the parties continue to meet the pending summary judgment, *Daubert*, and other pending motion deadlines.  In addition, Roku suggests that summary judgment and *Daubert* motions for the recently-added DIAL feature also be filed and fully briefed.  In contrast to the upcoming trial and associated tasks, completing this work is possible because briefing can be drafted remotely, and does not require intensive meetings with team members such as witnesses, consultants, etc.

Respectfully submitted,

/s/ Alexander J. Hadjis

Alexander J. Hadjis (*pro hac vice*)
Lisa M. Mandrusiak (*pro hac vice*)
Michael D. West (*pro hac vice*)
OBLON, MCCLELLAND, MAIER
 & NEUSTADT, L.L.P.,
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000
ahadjis@oblon.com
lmandrusiak@oblon.com
mwest@oblon.com

Richard D. Milvenan
State Bar No. 14171800
McGINNIS LOCHRIDGE LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000
rmilvenan@mcginnislaw.com

David N. Deaconson
State Bar No. 05673400
Pakis, Giotes, Page & Burleson, P.C.
400 Austin Avenue
Waco, TX 76701

ATTORNEYS FOR DEFENDANT
ROKU, INC.

5

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 2, 2020, I served a copy of this document by email to all counsel of record.

                                                  /s/ Lisa Mandrusiak
                                                  Lisa Mandrusiak