UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MV3 PARTNERS LLC,<br><br>    Plaintiff,<br>v.<br><br>ROKU, INC.,<br><br>    Defendant. | Civil Action No.: W-6:18-cv-00308-ADA<br><br>**JURY TRIAL DEMANDED** |

**ROKU'S REPLY IN SUPPORT OF
ITS MOTION TO PRECLUDE MV3 AND DR. SCHONFELD
FROM RELYING ON THE DOCTRINE OF EQUIVALENTS
<u>FOR THE "QUERYING THE DISPLAY DEVICE" LIMITATION</u>**

MV3 should be precluded from relying on its new doctrine of equivalents infringement theory for the querying the display device limitation for Roku TVs. There is no excuse for MV3 to have not revealed the new theory in a timely manner — in its final infringement contentions, or, at least, well before the close of discovery and the service of expert reports. And, if MV3 is allowed to rely on its new doctrine of equivalents theory Roku will be prejudiced.

## I.  A REBUTTAL DOES NOT AMOUNT TO AN ANTICIPATION OF A NEW ARGUMENT

MV3 contends that it served its infringement contentions with "fair notice of MV3's . . . DOE infringement [theory] for the Query Limitation before the close of fact discovery." (MV3 Opp. (Dkt. No. 178) at 2.) MV3 argues the same for the contents of Dr. Schonfeld's expert report. (MV3 Opp. (Dkt. No. 178) at 2.) Nowhere, however, does, nor can, MV3 point to anything in its contentions and Dr. Schonfeld's report in support of its "fair notice" argument.

Instead, MV3 argues that Roku should have known MV3 would change course. MV3 claims that "one could have readily understood this DOE theory from a study of these two charts." (MV3 Opp. (Dkt. No. 178) at 6.) MV3 continues by stating that there are indications that the basis for MV3's doctrine of equivalents theory was recognized. (MV3 Opp. (Dkt. No. 178) at 6.) MV3's only alleged support for its argument is that Roku presented non-infringement contentions and Dr. Russ rebutted Dr. Schonfeld's infringement opinion. (MV3 Opp. (Dkt. No. 178) at 6-7.)

Dr. Russ and Roku have indeed rebutted <u>MV3's literal infringement allegation</u> that a Roku TV meets the '223 patent's requirement that the claimed mobile set top box query the display device. Roku has taken the position since the start of the case, and that position was also taken by Roku's technical expert, Dr. Russ.

The fact that Roku and Dr. Russ have rebutted MV3's literal infringement claim by

1

explaining that a Roku TV does not involve a query of its display device does not translate into fair notice of a new, non-disclosed doctrine of equivalents theory.  It may be that MV3 and Dr. Schonfeld would like to articulate a new infringement theory to meet the query the display device limitations, but that theory should have been disclosed well before the close of discovery.  Roku is not required, as MV3 implies, to imagine and then dispute arguments and allegations that MV3 does not make.

## II.     ROKU SHOULD NOT BE PENALIZED FOR MV3'S FAILURE TO COMPREHEND ROKU TECHNOLOGY

It appears that MV3 and Dr. Schonfeld realized, before his deposition and after the service of MV3's final infringement contentions and Dr. Schonfeld's expert report, that their literal infringement theory was based on a simple misunderstanding — a display panel does not have memory, let alone communicate resolution information in response to a query.  MV3 should not be permitted to leverage its own failure to change its allegations at this point in the case.

In explaining itself, MV3 goes so far as to trying to shift its own failure onto Roku.  MV3 argues that Roku's non-infringement basis was not disclosed during fact discovery.  (MV3 Opp. (Dkt. No. 178) at 3-4.)  That is simply not accurate.

Roku took the position from the outset of this case (starting in its answer) that Roku TVs do not involve the claimed query requirement.  (Answer (Dkt. No. 39) at 27.)  As detailed in its motion to preclude, Roku provided MV3 complete discovery into the components of a Roku TV, how those components operate, and their interaction with each other.  (Roku Mot. (Dkt. No. 159) at 1-2, 5-6.)  Roku also, as MV3 references in its opposition, served contention interrogatory responses that, among other things, outlined Roku's non-infringement positions.

MV3 ignores the fact that it had more than everything necessary to make its case — full

discovery and Roku's contentions — and critiques Roku's contention interrogatory responses. (MV3 Opp. (Dkt. No. 178) at 3-4.) What MV3 fails to explain is that Roku requested that the parties exchange responses to contention interrogatories well before expert reports were to be completed. (Ex. 1 (12/13/19 email from L.Mandrusiak to MV3 counsel) at 2.) The parties did exchange contention interrogatories before the reports were served.

Roku's responses provided the legal and factual bases for Roku's positions. Indeed, MV3 did not raise a single question about Roku's responses (until now, when MV3 is searching for an excuse to explain its new infringement theory).

MV3 cannot now, months after it received Roku's interrogatory responses, point to and be heard to complain about the responses to ask the Court to penalize Roku by permitting MV3 to add a new infringement theory to the case. *E.g., Bright Response, LLC v. Google, Inc.,* 2010 U.S. Dist. LEXIS 146488, *4-*5 (July 22, 2010, E.D. Tex.). If MV3 had a concern or question about Roku's interrogatory responses, it should have raised that concern in a timely fashion. *Id.*

Last, MV3 points to a few cases to try to explain away its failure to disclose its new doctrine of equivalents theory in a timely fashion. Each, however, does not apply to the circumstances here.

*Transclean Corp. v. Bridgewood Services, Inc.*, 290 F.3d 1364, 1373-74 (Fed. Cir. 2002), involved a defendant that chose to not respond to an interrogatory asking for grounds for non-infringement because the defendant only voiced its belief that the patent at issue was invalid and unenforceable. Here, that is not the case. Roku responded to MV3's non-infringement interrogatory.

*Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1282-83 (Fed. Cir. 2012), involved a prohibition against a party aware of its deficient discovery response from holding

3

back documents and disclosing them at the last moment. Again, Roku did not hold back any documents, and it produced them in a timely fashion. Roku's answer to the interrogatory was also complete.

Finally, *Everlight Electronics, Co., Ltd. v. Nichia Corp.*, 2014 WL 3925276, *6-*7 (E.D. Mich. 2014), involved a defendant that did not produce the necessary documents the plaintiff needed to make its doctrine of equivalents argument in a timely fashion and plaintiff was diligent in pursuing discovery. This is not the case here, as MV3 had all the necessary documents for its argument and Roku did not hold back anything.

### III. ROKU'S PREJUDICE IS REAL

MV3 contends that it, not Roku, is somehow being prejudiced if it cannot pursue its late disclosed doctrine of equivalents theory. (MV3 Opp. (Dkt. No. 178) at 8.) Again, MV3 resorts to its go-to excuse for its own failings — blame Roku and claim Roku should have predicted MV3's new infringement theory. (MV3 Opp. (Dkt. No. 178) at 8.)

Roku has not, however, had the opportunity to contemplate and test MV3's new theory through the discovery process. (Roku Mot. (Dkt. No. 159) at 5-6.) Along those lines, MV3 states that Roku has not explained why a new prior art search is necessary for ensnarement. (MV3 Opp. (Dkt. No. 178) at 8.) The answer to this question is obvious. MV3's new argument that a query of a display panel is not required will open the prior art up, for example, to virtually all modern TVs.

### IV. DR. SCHONFELD'S UNSOLICITED DISCLOSURE OF A NEW THEORY DURING HIS DEPOSITION CANNOT CURE MV3'S FAILURE TO DISCLOSE THE THEORY

MV3 also argues that is should be allowed to add the new theory into its case because Dr. Schonfeld announced it during his deposition in response to a question. (MV3 Opp. (Dkt. No.

4

178) at 1.) Roku certainly asked questions during Dr. Schonfeld's deposition. Dr. Schonfeld was not, however, asked anything that would excuse his announcement of the new theory. And, when Dr. Schonfeld tried to inject the new theory into the transcript, Roku clearly objected. (Roku Mot. Ex. 4, Schonfeld Tr. at 425:13-427:7.)

Dr. Schonfeld was asked about the query theory he expressed in his report. (Roku Mot. Ex. 4, Schonfeld Tr. at 422:10–427:24.) In response, he and MV3 executed the tired tactic of ignoring the question and taking the opportunity to try to add a new theory to the case. (*Id*. at 425:5–425:12.) Roku's counsel stopped him from proceeding and was ultimately forced to add a motion to strike the testimony as non-responsive after MV3's counsel proceeded to insist Dr. Schonfeld must place the new theory on the record. (*Id*. at 425:13–427:7.)

## V.  MV3'S ORDER OF TESTIMONY SUGGESTION WOULD FURTHER PREJUDICE ROKU

Finally, MV3 argues that it should be permitted to reveal the new theory through Dr. Schonfeld's redirect or in its rebuttal to Roku's case-in-chief. This is nonsensical. First, in both instances, MV3 would place its disclosure of the new theory last. That, in and of itself, would be prejudicial to Roku. Second, through its desire to disclose the new theory in response to Roku's case-in-chief, MV3 is either suggesting that it should be able to speak about it after Roku's invalidity case or MV3 is pre-supposing that it will have a sur-rebuttal case.

## VI.  CONCLUSION

Roku's motion to preclude MV3's new doctrine of equivalents theory should be granted. MV3 has revealed the theory much too late. Allowing MV3 to pursue the theory now would be severely prejudicial to Roku.

Respectfully submitted,

/s/ Alexander J. Hadjis

Alexander J. Hadjis (*pro hac vice*)
Lisa M. Mandrusiak (*pro hac vice*)
Michael D. West (*pro hac vice*)
OBLON, MCCLELLAND, MAIER
 & NEUSTADT, L.L.P.,
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000
ahadjis@oblon.com
lmandrusiak@oblon.com
mwest@oblon.com

Richard D. Milvenan
State Bar No. 14171800
McGINNIS LOCHRIDGE LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000
rmilvenan@mcginnislaw.com

David N. Deaconson
State Bar No. 05673400
Pakis, Giotes, Page & Burleson, P.C.
400 Austin Avenue
Waco, TX 76701
(254) 297-7300
deaconson@pakislaw.com

ATTORNEYS FOR DEFENDANT
ROKU, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record Pursuant to Local Rule 5(b).

/s/ Lisa M. Mandrusiak
Lisa M. Mandrusiak
