UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MV3 PARTNERS LLC, <br><br> Plaintiff, <br> v. <br><br> ROKU, INC., <br><br> Defendant. | Civil Action No.: W-6:18-cv-00308-ADA <br><br> **JURY TRIAL DEMANDED** |

**ROKU'S MOTION IN *LIMINE* NO. 4 TO EXCLUDE TESTIMONY AND
ARGUMENTS THAT MISCHARACTERIZES CLAIM CONSTRUCTION OUTCOMES**

MV3 has mischaracterized the claim construction order by stating that, for example, MV3 won claim construction or Roku's positions were rejected. Roku moves *in limine* to preclude MV3 from presenting such testimony or arguments because it is misleading to the jury and prejudicial to Roku.

As a representative example, in the Claim Construction Order, the Court held that the term "adaptive circuitry" should be given its plain and ordinary meaning. (Claim Construction Order, Dkt. 90 at 6). The Court did not <u>reject</u> Roku's proposed claim construction of "adaptive circuitry" as different from the plain and ordinary meaning. (*Id.*) However, MV3 has repeatedly asserted that Roku's position for this term was "rejected." (*E.g.*, MV3's Omnibus Motion for Partial Summary Judgement, Dkt. 141 at 10, n.3; MV3's *Daubert* motion to exclude Russ and Bovik, Dkt. 140 at 3-6 (including discussion of other terms as well); MV3's Daubert motion to exclude Stoll, Dkt. 138 at 4-5.)

Rule 403 provides that evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice or misleading the jury. Fed. R. Evid. 403. Here, permitting MV3 to assert that the Court rejected Roku's proposed claim construction of any particular term where the Court adopted the plain and ordinary meaning would clearly be misleading to the jury. It would also unfairly prejudice Roku because it might leave the jury with the impression that MV3 "won" the claim construction and that the Court agrees with MV3's position over Roku's. These dangers outweigh any probative value that this kind of assertion may have. Therefore, MV3 should be precluded from characterizing the claim construction order in a way that suggests that Roku's position was rejected where the Court adopted the plain and ordinary meaning. *See Tarkus Imaging, Inc. v. Adobe Sys.*, No. 10-63, Dkt. 403, slip op., at p. 5 (D. Del. May 31, 2012) (excluding evidence of who won or lost claim construction).

Accordingly, for the foregoing reasons, the Court should preclude MV3 from mischaracterizing the claim construction order.

Respectfully submitted,

 /s/ Alexander J. Hadjis
Alexander J. Hadjis (*pro hac vice*)
Lisa M. Mandrusiak (*pro hac vice*)
Michael D. West (*pro hac vice*)
OBLON, MCCLELLAND, MAIER
& NEUSTADT, L.L.P.,
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000
ahadjis@oblon.com
lmandrusiak@oblon.com
mwest@oblon.com

Richard D. Milvenan
State Bar No. 14171800
McGINNIS LOCHRIDGE LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000
rmilvenan@mcginnislaw.com

David N. Deaconson
State Bar No. 05673400
Pakis, Giotes, Page & Burleson, P.C.
400 Austin Avenue
Waco, TX 76701

ATTORNEYS FOR
DEFENDANT ROKU, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 22, 2020, I served a copy of this document by email to all counsel of record.

/s/ Lisa Mandrusiak
Lisa Mandrusiak
