# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **MV3 PARTNERS LLC,** | § | |
| | § | **Civil Action No.: 6:18-cv-308-ADA** |
| | § | |
| **Plaintiff,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | **ORAL ARGUMENT REQUESTED** |
| **ROKU, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**PLAINTIFF MV3'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE REFERENCES TO MV3 AS A NON-PRACTICING ENTITY, MV3'S PRIOR LITIGATIONS, ITS MEMBERS' OWNERSHIP INTERESTS, ITS AGREEMENTS AND PAYMENTS TO COUNSEL,  AND MV3'S SELECTION OF THIS VENUE**

## I.     ARGUMENT

Plaintiff MV3 Partners, LLC ("MV3") respectfully moves the Court *in limine* for an order excluding any reference, evidence, testimony (both lay and expert), or arguments relating to (1) MV3 as a non-practicing entity or patent owner, (2) prior litigations involving MV3 witnesses, (3) attorney's fee agreements that MV3 has with its counsel or payments and/or non-payments to its counsel, (4) how a damages award to MV3 may be distributed, including amongst MV3's witnesses, and MV3 witnesses' shares in MV3, and (5) MV3 allegedly engaging in forum shopping or litigation abuse by selecting the Western District of Texas as the venue for this action.

### A.     REFERENCES TO MV3 AS A NON-PRACTICING ENTITY AND PATENT OWNER SHOULD BE EXCLUDED

The Court should exclude reference to MV3's business activities and structure, including the use of any derogatory, disparaging, and/or pejorative references to MV3 as a patent troll, patent assertion entity, and/or a non-practicing entity.  The Court should similarly preclude arguments suggesting that it is improper for MV3 to assert patent rights without practicing the patent, or suggestions that MV3 was assigned patent rights by its inventor Jared E. Abbruzzese for the purpose of pursuing this litigation.  Any such references should be precluded on the basis that they have no relevance to the claims at issue, because whether MV3 practices the patent by making and/or selling products has no relevance to questions of infringement.  Fed. R. Evid. 402.  To the extent that such issues are relevant, the probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and/or misleading the jury.  Fed. R. Evid. 403.

Courts customarily exclude the use of similarly pejorative terms to refer to a patent owner. *See ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 11089489, at *2 (E.D. Tex. Aug. 24, 2015) (precluding the parties from making any argument, reference, insinuation, or presenting evidence implying that plaintiffs are "patent trolls," "patent

pirates," non-practicing entities, or other pejorative terms, or otherwise disparaging plaintiffs' business model); *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-CV-621-JRG-RSP, 2016 WL 7743510, at *1 (E.D. Tex. Sept. 21, 2016) (precluding the use of pejorative terms such as "patent troll," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "submarine patent," "stick up," "hold up," "shakedown," and "playing the lawsuit lottery"); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (prohibiting defendants from making derogatory, disparaging, and/or pejorative references to Rembrandt including, *inter alia*, "patent troll"); *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 WL 11468934, at *4 (E.D. Tex. Oct. 5, 2010) (granting motion to preclude the term "patent troll" and other pejorative characterizations of plaintiff); *Freeny v. Murphy Oil Corp.*, No. 2:13-CV-791-RSP, 2015 WL 11108703, at *1 (E.D. Tex. May 29, 2015) (same); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016) (precluding references to plaintiff as a "patent troll," "troll," "patent pirate," "shell company," "litigation shop," "lawsuit factory," "submarine patents," "litigious," "shakedown," "extortionist," and similar).

## B.   REFERENCES TO PRIOR LITIGATIONS INVOLVING MV3 WITNESSES SHOULD BE EXCLUDED

The Court should preclude reference to prior litigations involving MV3 witnesses including, but not limited to, Jared E. Abbruzzese, Wayne Barr, and David Marshack.

Whether any of MV3's witnesses have been a party to any legal action – outside of the present action – has no bearing on the infringement claims at issue or any of Roku's defenses. Fed. R. Evid. 402. To the extent that a witnesses' involvement in a separate legal action has any probative value, it would be minimal as none of these witnesses have been involved in litigation

relating to patent infringement or the Patent Office – much less the patent-in-suit.  Thus, any reference to unrelated litigation risks unfair prejudice, confusing the issues, and/or misleading the jury.  Fed. R. Evid. 403; *see Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-RSP, 2014 WL 11515642, at *1 (E.D. Tex. Dec. 10, 2014) (granting motion to "preclude Defendants from offering any argument, evidence, testimony, or reference to previous legal investigations of witnesses"); *see also EVM Sys., LLC v. Rex Med., L.P.*, No. 6:13-CV-184, 2015 WL 11089476, at *2 (E.D. Tex. June 10, 2015) (precluding any reference to "unrelated legal proceedings involving EVM");  *Mars, Inc. v. TruRX LLC*, No. 6:13-CV-526-RWS-KNM, 2016 WL 4055675, at *2-3 (E.D. Tex. Apr. 29, 2016) (precluding any reference to "any pending or prior litigation other than this case involving either of the parties"); *ContentGuard Holdings, Inc.*, 2015 WL 11089489, at *1 (precluding reference to any "litigations, rulings, or accusations against Defendant in unrelated legal proceedings or unrelated disputed matters between Defendant and any third party").

C.     **REFERENCES TO MV3'S ATTORNEY FEE AGREEMENTS OR PAYMENTS AND/OR NON-PAYMENTS TO MV3'S COUNSEL SHOULD BE EXCLUDED**

The Court should exclude any reference to attorney's fee agreements that MV3 has with its counsel or payments and/or non-payments to its counsel.

MV3's financial arrangements with counsel (past and present) – including any payments due or owed – are not relevant to MV3's infringement allegations at issue.  Fed. R. Evid. 402. Moreover, to reference such matters runs the risks of unfair prejudice, confusing the issues, wasting time, and/or misleading the jury.  Fed. R. Evid. 403; *see SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-CV-158-JRG, 2012 WL 12906091, at *1 (E.D. Tex. May 24, 2012) (granting motion to preclude the parties from making any reference to, *inter alia*, attorney's fee arrangements); *see also Datatreasury Corp.*, 2010 WL 11468934, at *1 (granting motion to exclude reference to attorney fee arrangements, including whether counsel have advanced fees or monies to the parties

in connection with the litigation); *Parthenon Unified Memory Architecture LLC*, 2016 WL 7743510, at *3 (granting motion to exclude reference, arguments, or testimony regarding contingent fees, fees incurred, fee arrangements, any fees obtained as the result of previous settlements, attorneys).

### D.   REFERENCES TO HOW OR TO WHOM A DAMAGES AWARD TO MV3 MAY BE DISTRIBUTED SHOULD BE EXCLUDED

The Court should exclude any reference concerning how a damages award to MV3 may be distributed, including amongst MV3's witnesses, and MV3 witnesses' shares in MV3.

How MV3 chooses to distribute any damages award, and whether any of MV3's witnesses may receive a portion of any damages award – including by way of stock ownership – has no relevance to MV3's infringement claims against Roku or any of Roku's defenses.  Fed. R. Evid. 402.  Further, such reference runs the risks of unfair prejudice, confusing the issues, wasting time, and/or misleading the jury.  Fed. R. Evid. 403; *DataQuill Ltd. v. Huawei Techs. Co. Ltd.*, No. 2:13-CV-00633-JRG-RSP, 2015 WL 11109697, at *2 (E.D. Tex. June 11, 2015) (granting motion to preclude reference to "how a damages award to DataQuill would be distributed by DataQuill to its owners and/or entities"); *Rembrandt Wireless Techs., LP*, 2015 WL 627430, at *2 (precluding reference and testimony regarding individuals with an ownership interest in Rembrandt and improper character evidence relating to Rembrandt shareholders).

### E.   REFERENCES TO FORUM SHOPPING, LITIGATION ABUSE, OR THE WESTERN DISTRICT OF TEXAS AS A POPULAR VENUE FOR PATENT LITIGATION OR AS AN IMPROPER VENUE SHOULD BE EXCLUDED

The Court should preclude any reference to MV3 allegedly engaging in forum shopping or litigation abuse by selecting the Western District of Texas as the venue for this action.  Further, the Court should exclude any reference concerning the Western District of Texas as a popular venue for patent litigation generally, or as being an improper or inconvenient venue for this action

4

in particular.  Such references are wholly irrelevant to the infringement claims at issue, amount to improper character evidence, and run the high risk of unfair prejudice, confusion of the issues, wasting time, and/or misleading the jury.  Fed. R. Evid. 402, 403, 404; *see Droplets, Inc.*, 2014 WL 11515642, at *1 (precluding defendants from arguing or presenting evidence that "Droplets filed in Marshall, Texas for an improper or underhanded purpose or that the EDTX is a popular patent venue"); *see also Datatreasury Corp.*, 2010 WL 11468934, at *3-4 (precluding evidence or argument that (1) plaintiff relocated its headquarters "in an attempt to engage in forum shopping or for establishing venue for this litigation," (2) there was any impropriety in plaintiff's right to select the forum, and (3) the jurors in the district are "plaintiff-oriented," "hostile towards defendants," or the district is the "patent lawsuit capital of the world" or similar statements).

## II.    CONCLUSION

For the aforementioned reasons the Court should preclude any reference to the following:

- Non-practicing entities and patent ownership;

- Prior litigations involving MV3 witnesses;

- Attorney fee agreements or payments and/or non-payments to  MV3's counsel;

- How or to whom a damages award to MV3 may be distributed; and

- Forum shopping, litigation abuse, or the Western District of Texas as a popular venue for patent litigation or as an improper venue.

Dated:  April 22, 2020                           RESPECTFULLY SUBMITTED,

                                                 By:  */s/ Andy Tindel*
                                                      J. Mark Mann (Texas Bar No. 12926150)
                                                      mark@themannfirm.com
                                                      G. Blake Thompson (Texas Bar No. 24042033)
                                                      blake@themannfirm.com
                                                      **MANN | TINDEL | THOMPSON**
                                                      300 W. Main Street
                                                      Henderson, Texas 75652
                                                      913 Franklin Ave., Suite 201
                                                      Waco, Texas 76701
                                                      Telephone:  (903) 657-8540
                                                      Facsimile: (903) 657-6003

                                                      Andy Tindel (Texas Bar No. 20054500)
                                                      atindel@andytindel.com
                                                      **MANN | TINDEL | THOMPSON**
                                                      112 E. Line Street, Suite 304
                                                      Tyler, Texas 75702
                                                      Telephone: (903) 596-0900
                                                      Facsimile: (903) 596-0909

                                                      Craig D. Cherry (Texas Bar No. 24012419)
                                                      ccherry@haleyolson.com
                                                      **HALEY & OLSON, P.C.**
                                                      100 N. Ritchie Road, Suite 200
                                                      Waco, Texas 76712
                                                      Telephone: (254) 776-3336
                                                      Facsimile: (254) 776-6823

                                                      Jonathan K. Waldrop (CA Bar No. 297903)
                                                      (Admitted in this District)
                                                      jwaldrop@kasowitz.com
                                                      Darcy L. Jones (CA Bar No. 309474)
                                                      (Admitted in this District)
                                                      djones@kasowitz.com
                                                      Marcus A. Barber (CA Bar No. 307361)
                                                      (Admitted in this District)
                                                      mbarber@kasowitz.com
                                                      John W. Downing (CA Bar No. 252850)
                                                      (Admitted in this District)
                                                      jdowning@kasowitz.com
                                                      Heather S. Kim (CA Bar No. 277686)
                                                      (Admitted in this District)
                                                      hkim@kasowitz.com
                                                      Jack Shaw (CA Bar No. 309382)
                                                      (Admitted in this District)
                                                      jshaw@kasowitz.com
                                                      ThucMinh Nguyen (CA Bar No. 304382)
                                                      (Admitted *pro hac vice*)
                                                      tnguyen@kasowitz.com

6

**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Daniel C. Miller (NY Bar No. 4232773)
(Admitted in this District)
**KASOWITZ BENSON TORRES LLP**
1399 New York Avenue NW, Suite 201
Washington, DC  20005
Telephone:  (202) 760-3400
Facsimile:   (202) 760-3401
Email: dcmiller@kasowitz.com

Paul G. Williams (GA Bar No. 764925)
(Admitted *pro hac vice*)
pwilliams@kasowitz.com
Rodney R. Miller (Texas Bar No. 24070280)
(Admitted in this District)
rmiller@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1349 West Peachtree Street N.W., Suite 1500
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

**Attorneys for Plaintiff**
**MV3 PARTNERS LLC**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically

via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on this 22nd

day of April, 2020.

*/s/ Andy Tindel*
**Andy Tindel**