IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MV3 PARTNERS LLC,** | § § § | **Civil Action No.: 6:18-cv-308-ADA** |
| **Plaintiff,** | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| **ROKU, INC.,** | § § | **ORAL ARGUMENT REQUESTED** |
| **Defendant.** | § § § | |

**PLAINTIFF MV3'S OPPOSITION TO DEFENDANT ROKU'S
<u>MOTION TO SUPPLEMENT THE PRE-TRIAL ORDER</u>**

Plaintiff MV3 Partners, LLC ("MV3") submits its opposition to Defendant Roku, Inc.'s ("Roku") Motion To Supplement The Pre-Trial Order.

## I.     INTRODUCTION

Roku is attempting to prejudice MV3 by adding 25 new documents to its exhibit list nearly a month after the Joint Pretrial Order. (D.I. 241). Importantly, of the 25 new documents proposed by Roku, 15 of the damages documents were not produced until *after* the deposition of Roku's damages expert, Ms. Kindler. Ms. Kindler was deposed on February 27, 2020, and Roku produced these 15 damages documents (DTRX 698-700, DTRX 702-708, DTRX 716-720) on March 3, 2020. Three more of the new documents (DTRX 715, DTRX 721, and DTRX 722) were never even produced in the case. Indeed, none of these three documents has Bates Numbers and, according to MV3's records, appears to have been provided for the first time on May 26, 2020. The remaining seven documents are a combination of documents that are already in the case because they are on MV3's exhibit list and/or documents that are subject to MILs. In either case, the addition of the seven remaining documents is at minimum duplicative and unnecessary.

## II.    ARGUMENT

Pretrial orders are governed by Federal Rule of Civil Procedure 16(e), which provides: "The order following a final pretrial conference shall be modified only to prevent a manifest injustice." Fed. R. Civ. P. 16(e). Once the pretrial order is entered, it controls the course and scope of the proceedings under Federal Rule of Civil Procedure 16(e), and if a claim or issue is omitted from the order, it is waived, even if it appeared in the complaint. *TiVo, Inc. v. EchoStar Comm. Corp.*, No. 2:04-CV-1 (DF), 2006 U.S. Dist. LEXIS 102085, at *6 (E.D. Tex. Mar. 13, 2006). The decision to allow any modification of the final pretrial order is within the sound discretion of the district court. *Id*.

Roku has failed to make a showing of manifest injustice under Federal Rule of Civil Procedure 16(e), or substantial justification or harmlessness under Federal Rule of Civil Procedure 37(c). *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) (explaining the burden is on the party who allegedly failed to disclose the information to prove that such failure is harmless). As described above, 18 of the documents Roku is belatedly attempting to add to the exhibit list were not timely disclosed in discovery.

Even the cases cited by Roku fail to support the addition of these 18 documents to the case. Notably, in *GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-cv-01081-PSG, 2015 U.S. Dist. LEXIS 145140, at *7 (N.D. Cal. Oct. 23, 2015), the court found the admission of the new exhibits harmless because they were timely produced in discovery. *See GSI Tech.*, 2015 LEXIS 145140, at *6-7 ("However, ISSI's own motion concedes that these exhibits are not new, but were produced by the parties at least six months ago during discovery. GSI's failure to identify the exhibits in a timely manner therefore is harmless under Rule 37(c)(1).") (internal quotes omitted). Similarly, in *Wilson v. Biomat USA, Inc.*, No. 2:10-cv-1657-GMN-RJJ, 2011 U.S. Dist. LEXIS 119991, at *9 (D. Nev. Oct. 17, 2011), the court permitted the addition of new exhibit lists "so long as the newly added exhibits listed on the updated exhibit list were previously properly disclosed [] pursuant to Fed. R. of Civ. P. 26(a) and (e). *Id.* at 9. Both cases are inapplicable here as Roku did not timely produce these documents in discovery.

Further, as stated above, permitting the addition of these 18 documents is prejudicial because they were produced after Ms. Kindler's deposition.[1] Under these circumstance, Roku cannot show that the addition of these documents is substantially justified or harmless – and certainly cannot demonstrate manifest injustice.

2

### III.  CONCLUSION

For the foregoing reasons, MV3 respectfully requests this Court deny Roku's motion.

---

[1] Roku also references supplemental documents added by MV3.  *See* Roku's Opposed Motion to Supplement the Pretrial Order, at 2.  It should be noted that MV3's supplemental documents were added before submission of the Joint Pretrial Order.  Therefore, Roku's argument on this point has no relation to this dispute over additions to the Joint Pretrial Order.

Dated:  June 26, 2020         RESPECTFULLY SUBMITTED,

By: */s/ Andy Tindel*
  J. Mark Mann (Texas Bar No. 12926150)
  mark@themannfirm.com
  G. Blake Thompson (Texas Bar No. 24042033)
  blake@themannfirm.com
  **MANN | TINDEL | THOMPSON**
  300 W. Main Street
  Henderson, Texas 75652
  913 Franklin Ave., Suite 201
  Waco, Texas 76701
  Telephone:  (903) 657-8540
  Facsimile: (903) 657-6003

  Andy Tindel (Texas Bar No. 20054500)
  atindel@andytindel.com
  **MANN | TINDEL | THOMPSON**
  112 E. Line Street, Suite 304
  Tyler, Texas 75702
  Telephone: (903) 596-0900
  Facsimile: (903) 596-0909

  Craig D. Cherry (Texas Bar No. 24012419)
  ccherry@haleyolson.com
  **HALEY & OLSON, P.C.**
  100 N. Ritchie Road, Suite 200
  Waco, Texas 76712
  Telephone: (254) 776-3336
  Facsimile: (254) 776-6823

  Jonathan K. Waldrop (CA Bar No. 297903)
  (Admitted in this District)
  jwaldrop@kasowitz.com
  Darcy L. Jones (CA Bar No. 309474)
  (Admitted in this District)
  djones@kasowitz.com
  Marcus A. Barber (CA Bar No. 307361)
  (Admitted in this District)
  mbarber@kasowitz.com
  John W. Downing (CA Bar No. 252850)
  (Admitted in this District)
  jdowning@kasowitz.com
  Heather S. Kim (CA Bar No. 277686)
  (Admitted in this District)
  hkim@kasowitz.com
  Jack Shaw (CA Bar No. 309382)
  (Admitted in this District)
  jshaw@kasowitz.com
  ThucMinh Nguyen (CA Bar No. 304382)
  (Admitted *pro hac vice*)
  tnguyen@kasowitz.com

        **KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted *pro hac vice*)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1349 West Peachtree Street N.W., Suite 1500
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

**Attorneys for Plaintiff
MV3 PARTNERS LLC**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on this 26th day of June, 2020.

        */s/ Andy Tindel*
        **Andy Tindel**