UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MV3 PARTNERS LLC,<br><br>　　　　　Plaintiff,<br>v.<br><br>ROKU, INC.,<br><br>　　　　　Defendant. | Civil Action No.: W-6:18-cv-00308-ADA<br><br>**JURY TRIAL DEMANDED** |

## ROKU'S PROPOSED STATEMENT OF CASE TO JURY PANEL

Pursuant to W.D. Tex. Local Rule CV-16(e)(2), Defendant, Roku, Inc. submits the following statement of the case to be used by the Court in conducting voir dire:

This is a case brought by the Plaintiff, MV3 Partners LLC ("MV3"), against the Defendant, Roku, Inc. ("Roku") for patent infringement. MV3 is the owner of U.S. Patent No. 8,863,223, which we will refer to throughout the case as "the '223 Patent", titled "Mobile Set Top Box." Jared Abbruzzese is the inventor of the '223 Patent and an owner of MV3. The '223 patent was granted in October 2014.

Roku, a US company founded in 2002, designs, makes and sells a variety of streaming media products that allow people to stream movies, TV shows, and other media content from the Internet. These products include Roku Ultra, Roku Express, Roku Express+, Roku Premiere, Roku Premiere+, Roku Streaming Stick, Roku Streaming Stick+, and Roku Smart Soundbar. Roku also permits other companies, through a license of its technology to those companies, to make and sell Roku TVs. These Roku products which MV3 accuses of infringement: (1) have the ability to screen mirror, which allows people to "mirror" content on the screen of their mobile device, such as a person's mobile phone, tablet, or laptop, so it can be viewed on a TV screen or monitor, and (2) support a feature called DIAL, which allows people to "cast" video from YouTube and Netflix to a TV using a person's mobile device.

MV3 claims that Roku is infringing the claims of the '223 Patent without MV3's permission and without paying MV3 any compensation for using its patented technology. MV3 seeks monetary damages from Roku in an amount that is adequate to compensate MV3 for the use of its patent.

Roku contends that its' Internet streaming products are designed and operate differently than the '223 Patent granted to MV3. Because of this, Roku contends that it does not infringe the '223 Patent. Roku also contends that MV3's patent is invalid because other individuals came up with what is claimed in the patent before Jared Abbruzzese, the named inventor on the patent, applied for the patent. Roku is asking the jury to confirm that it has not infringed the '223 Patent, confirm that the patent is invalid, and award MV3 nothing.

Alternatively, If the Court is seeking just the party's portion of the proposed Statement of the Case, Roku submits the portion attached as Exhibit "A" hereto.

Respectfully submitted,

/s/ Alexander J. Hadjis

Alexander J. Hadjis (*pro hac vice*)
Lisa M. Mandrusiak (*pro hac vice*)
Frank J. West (*pro hac vice*)
Christopher Ricciuti (*pro hac vice*)
OBLON, MCCLELLAND, MAIER
& NEUSTADT, L.L.P.,
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000
ahadjis@oblon.com
lmandrusiak@oblon.com
fwest@oblon.com
cricciuti@oblon.com

Richard D. Milvenan
State Bar No. 14171800
McGINNIS LOCHRIDGE LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000
rmilvenan@mcginnislaw.com

David N. Deaconson
State Bar No. 05673400
Pakis, Giotes, Page & Burleson, P.C.
400 Austin Avenue
Waco, TX 76701
(254) 297-7300
deaconson@pakislaw.com

Darryl Adams
Texas Bar No. 00796101
SLAYDEN GRUBERT BEARD LLC
401 Congress Ave., Ste. 1650
Austin, Texas 78701
dadams@sgbfirm.com

ATTORNEYS FOR
DEFENDANT ROKU, INC.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served on all counsel of record via electronic transmission on September 28, 2020.

/s/ David N. Deaconson