UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MV3 PARTNERS LLC,<br><br>    Plaintiff,<br>v.<br><br>ROKU, INC.,<br><br>    Defendant. | Civil Action No.: W-6:18-cv-00308-ADA<br><br>**JURY TRIAL DEMANDED** |

## ROKU'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS

As the prevailing party in this litigation, Roku requests an award of costs in the amount of **$358,022.07**. Following the jury's verdict of non-infringement in favor of Roku (Dkt. No. 387) and the Court's denial of MV3's motion for a new trial (Dkt. No. 410), the Court issued a final judgment that was entered on December 22, 2020. (Dkt. No. 415.) The final judgment expressly awarded costs to Roku. (Dkt. No. 415.)

The following categories of costs are permitted under 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

1

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Roku's § 1920 costs are enumerated in its [Proposed] Bill of Costs (Dkt. No. 418), which is also attached hereto as Exhibit A.

**I. Section 1920(2) — "Fees for printed or electronically recorded transcripts necessarily obtained for use in this case"**

Roku seeks to recover costs for printed and electronically recorded trial, pre-trial, and deposition transcripts. Section 1920(2) permits Roku, as the prevailing party, to recover these costs.

### 1. Transcripts of Court Proceedings

Roku seeks taxation and costs in the amount of **$15,509.18** for daily trial transcripts and **$1,636.89** for all other pre-trial hearing transcripts. For pre-trial hearings, Roku seeks taxation and costs for obtaining transcripts for all discovery conferences, the *Marmkan* hearing, the summary judgment, *Daubert*, and motions *in limine* hearing, and all other pre-trial conferences leading up to trial. The pre-trial hearing transcripts were used in trial and for motion preparation. The daily trial transcripts were used during trial.

In sum, Roku seeks a total of **$17,146.07** in costs related to transcripts of court proceedings. Invoices are attached as Exhibit B.

### 2. Depositions

Roku also incurred significant costs, in the amount of **$49,454.55,** in connection with the depositions of Roku and MV3 fact and expert witnesses. Costs related to depositions are permitted under § 1920(2) if the depositions "were necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999).

The Fifth Circuit has held that "a deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id.* Finally, § 1920(2) also permits taxing costs for video recordings of depositions. *Nilesh Enters. v. Layers Title Ins. Corp.*, 2010 U.S. Dist. LEXIS 66146, at *8 (W.D. Tex. Jul. 1, 2010) ("Videotape deposition costs and deposition transcripts are both recoverable costs"); *SynQor, Inv. v. Artesyn Techs., Inc.*, 2011 U.S. Dist. LEXIS 112493, at *9-10 (E.D. Tex. Sep. 30, 2011) (explaining that the 2008 amendment to § 1920 permits recovery of both deposition transcripts and electronic video recordings necessarily obtained for use in the case).

Roku incurred **$49,454.55** in costs for deposition transcripts and videos associated with the below-identified witnesses. The transcripts and videos were necessarily obtained, as explained for each listed witness, for use in the case. These costs are set forth in more detail, on a per witness basis, in Exhibit C.

| Deponent | Reasons Why Transcripts Were Necessarily Obtained for Use in This Case |
|---|---|
| Mr. Jared Abbruzzese | Inventor of the patent-in-suit, member of MV3, and testifying witness at trial |
| Mr. Wayne Barr | Member and corporate attorney of MV3, and testifying witness at trial |
| Mr. David Marshack | Member of MV3 and testifying witness at trial |
| Mr. Henry Goldberg | Identified on MV3's initial disclosures and testifying witness for MV3 at trial |
| Mr. Gregory Walters | Prosecuting attorney of the patent-in-suit and testifying witness for MV3 at trial |
| Mr. Carmichael | MV3's inequitable conduct expert, provided an expert report |
| Dr. Laurentius Marais | MV3's survey expert, provided an expert report and testified at trial |
| Dr. Dan Schonfeld | MV3's technical expert, provided expert reports and testified at trial |

| | |
|---|---|
| Mr. Roy Weinstein | MV3's damages expert, provided an expert report and testified at trial |
| Mr. Kevin Bright | Roku employee deposed by MV3, portions of Mr. Bright's deposition video were played to the jury as 30(b)(6) testimony, testifying witness at trial |
| Mr. Scott de Haas | Roku employee deposed by MV3, testifying witness at trial |
| Mr. Greg Garner | Roku employee deposed by MV3, testifying witness at trial |
| Mr. Ken Krakow | Roku employee deposed by MV3 |
| Mr. David Mendenhall | Roku employee deposed by MV3, portions of Mr. Mendenhall's deposition video were played to the jury as 30(b)(6) testimony |
| Mr. Michael Slosek | Roku employee deposed by MV3 |
| Mr. Steve Sprich | Roku employee deposed by MV3, portions of Mr. Sprich's deposition were played to the jury as 30(b)(6) testimony, testifying witness at trial |
| Mr. Tito Thomas | Roku employee deposed by MV3 |
| Mr. Tim Wegesin | Roku employee deposed by MV3 |
| Dr. Robert Akl | Submitted declaration in support of Roku's claim constructions, deposition taken by MV3 during *Markman* proceedings |
| Dr. Alan Bovik | One of Roku's technical experts, provided expert reports and testified at trial |
| Ms. Lauren Kindler | Roku's damages expert, provided an expert report and testified at trial |
| Ms. Laura O'Laughlin | Roku's survey expert, provided an expert report and testified at trial |
| Dr. Samuel Russ | One of Roku's technical experts, provided expert reports and testified at trial |
| Mr. Robert Stoll | Roku's inequitable conduct expert, provided an expert report |

Finally, with the exception of MV3's technical expert, Dr. Schonfeld, Roku is not seeking incidental costs associated with its depositions, such as expedited delivery charges, rough transcript costs, or real-time transcription costs. *Cf. Canion v. United States*, 2005 U.S. Dist. LEXIS 21265, at *9-10 (W.D. Tex. Sep. 9, 2005). Roku seeks costs associated with expedited delivery charges for the deposition of Dr. Schonfeld, which occurred on March 12 and March 13, 2020, within a week of the Court's March 18, 2020 *Daubert* and dispositive motion

deadline. An itemization of Roku's taxable depositions costs and invoices from the respective court reporters and videographers is contained in Exhibit C.

## II.   §1920(3) — "Fees and disbursements for printing and witnesses"

Roku seeks to recover **$1,958.91** in witness fees for witnesses called during trial. The statutory costs associated with witness attendance at trial are set forth by 28 U.S.C. § 1821. In particular, Roku's costs for each witnesses is taxed through an attendance fee for each day at trial as provided for in § 1821(b), required travel expenses as provided for in § 1821(c), and required overnight lodging as provided for in § 1821(d). An itemization of Roku's taxable witness costs is contained in Exhibit D, which includes applicable per diem allowances in Waco, Texas as prescribed by the Administrator of General Services.

## III.   §1920(4) — "Fees for exemplification and the costs of making any materials where the copies are necessarily obtained for use in the case"

Roku seeks to recover its costs for printing, copying, and making of documents for trial and the *Markman* hearing, along with Roku's trial technician costs, necessarily obtained for use in this case. 28 U.S.C. § 1920(4) (2020). Roku seeks to recover **$289,462.54** for these costs, as outlined and detailed below.

### 1.   Graphics and Trial Equipment

Roku necessarily incurred **$267,997.78** in costs related to the preparation of Roku's technology tutorial and *Markman* hearing presentation, the preparation of Roku's trial exhibits, graphics, and demonstrative aids, and for Roku's trial technician and courtroom equipment. "[E]xpenses for the production of various types of non-testimonial evidence – such as photographs, maps, charts, graphs and other demonstrative aids – are taxable as costs provided that the prevailing party obtained court approval before incurring the expense." *Two-Way Media, LLC v. AT&T Servs., Inc.*, 2013 U.S. Dist. LEXIS 202556, at*22 (W.D. Tex. Nov. 22,

2013); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995); *Studiengesellschaft mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983).

Notably, these costs do not need to be explicitly authorized by the court; an invitation or request by the Court to submit tutorials or demonstratives, such as those used during the *Markman* hearing and during trial, "is tantamount to pretrial approval." *Two-Way Media, LLC*, 2013 U.S. Dist. LEXIS at *22-23. Here, in addition to the presentation of anticipated demonstratives during the *Markman* hearing, the Court ordered that there "will be a tutorial of 1/2 hour each side prior to the *Markman* hearing." (Dkt. No. 45.) Audio recordings of Roku's *Markman*, summary judgment, and *Daubert* briefing were also prepared at the Court's request.

In this case, for two years the parties litigated a complex and highly-contested patent infringement suit that was tried before a jury in October, 2020. This included the preparation and delivery of extensive argument and tutorial testimony during the *Markman* hearing and extensive testimony during trial. The *Markman* proceedings and trial were supported by many different exhibits, graphics, and demonstrative aids. The costs requested by Roku do not include the intellectual effort involved in the production of these visual aids, but only the costs of Roku's graphics vendor (FTI) to produce the requested technology tutorial, *Markman* demonstratives, and trial demonstratives, totaling **$202,529.00** in costs.

Roku also seeks to tax costs for a trial technician and the equipment used during trial in the courtroom. "[C]ourts have considered that in highly technical cases, [such as patent cases], trial technology is not only reasonable but necessary." *Two-Way Media, LLC*, 2013 U.S. Dist. LEXIS at *23. "[T]he use of technology at trial," including the use of trial technicians to present aspects of the case and equipment used in the trial, "may be taxed as a cost as long as it is anticipated, useful, and a necessary tool to assist in the efficient presentation of cases." *Id.*

(citing *Versata Software, Inc. v. SAP Am., Inc.*, No. 2:07-CV-153, 2011 WL 4436F83, at *2 (E.D. Tex. Sep. 23, 2011)).

Here, in addition to undertaking substantial efforts in preparing the exhibits for use during trial and to be compatible with the Court's document system, Roku's trial technician ran Roku's audio-visual courtroom equipment to ensure that Roku's case was efficiently presented to the jury. Further, under the Court's COVID-19 protocol, live demonstrations were restricted, and the use of electronic exhibits, slides, and videos were particularly important for safety protocol reasons. Roku seeks a total of **$65,428.78** in costs associated with its trial technician and the equipment necessary for Roku's presentation of its case.

A full itemization of Roku's graphic and trial equipment expenses along with all pertinent invoices is contained in Exhibit E.

### 2. Document Reproduction

Roku seeks **$21,464.76** to recover its document reproduction costs that necessarily resulted from the litigation brought on by MV3. While a prevailing party is not entitled to recover costs associated with all "papers that may pass through a law firm's xerox machines," the prevailing party should be permitted to recover its cost of reproducing relevant documents and exhibits for use in the case. *Fogleman*, 920 F.2d at 286. The total document reproduction charges Roku seeks is limited to a small percentage of the total reproduction costs Roku was forced to spend throughout this litigation. Specifically, Roku has limited its request to the costs of: (1) providing copies of its summary judgment and *Daubert* briefing to the Court (invoice 80466); (2) creating copies of trial exhibits and witness binders (invoices 80562 and 51624); and (3) reproducing documents while preparing for and conducting trial (invoice 116337).

Because Roku is limiting its request for document reproduction costs to those specifically incurred for trial or incurred at the Court's request, Roku believes that it is entitled to 100% of these limited and focused costs as opposed to the generally accepted rule in the Western District that a prevailing party should be entitled to 50% of its document reproduction costs throughout the entire case. *Ushijima v. Samsung Elecs. Co.*, 2015 U.S. Dist. LEXIS 109031, at *12 (W.D. Tex. Jul. 30, 2015); *Two-Way Media, LLC v. AT&T Servs., Inc.*, 2013 U.S. Dist. LEXIS 202556, at*19 (W.D. Tex. Nov. 22, 2013); *Summit Tech., Inc. v. Nidek, Co.*, 435 F.3d 1371, 1378-79 (Fed. Cir. 2006) ("in complex patent litigation involving hundreds of thousands of documents and copies, parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation."). Should the Court disagree with Roku, at a minimum, 50% of Roku's document reproduction costs should be taxed against MV3.

A full itemization of Roku's total document reproduction costs incurred for use in this case along with pertinent vendor invoices is contained in Exhibit F.

**IV.   CONCLUSION**

Roku, as the prevailing party in this litigation, requests an award of costs in the amount of

**$358,022.07**, as reflected in its [Proposed] Bill of Costs (Dkt. No. 418).

Date:   January 5, 2021                           Respectfully submitted,

/s/ Alexander J. Hadjis

Alexander J. Hadjis (*pro hac vice*)
Lisa M. Mandrusiak (*pro hac vice*)
Frank J. West (*pro hac vice*)
Christopher Ricciuti (*pro hac vice*)
OBLON, MCCLELLAND, MAIER
& NEUSTADT, L.L.P.,
1940 Duke Street
Alexandria, VA 22314
ahadjis@oblon.com
lmandrusiak@oblon.com
fwest@oblon.com
cricciuti@oblon.com

Richard D. Milvenan
State Bar No. 14171800
McGINNIS LOCHRIDGE LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
rmilvenan@mcginnislaw.com

David N. Deaconson
State Bar No. 05673400
Pakis, Giotes, Page & Burleson, P.C.
400 Austin Avenue
Waco, TX 76701
(254) 297-7300
deaconson@pakislaw.com

Darryl Adams
Texas Bar No. 00796101
SLAYDEN GRUBERT BEARD LLC
401 Congress Ave., Ste. 1650
Austin, Texas 78701
(512) 402-3562
dadams@sgbfirm.com

ATTORNEYS FOR
DEFENDANT ROKU, INC.

## **CERTIFICATE OF SERVICE**

True and correct copies of the foregoing documents were served on all counsel of record via electronic transmission on January 5, 2021.

/s/ Lisa M. Mandrusiak