UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MV3 PARTNERS LLC,<br><br>    Plaintiff,<br>v.<br><br>ROKU, INC.,<br><br>    Defendant. | Civil Action No.: 6:18-cv-00308-ADA<br><br>**Jury Trial Demanded** |

# ROKU'S OPPOSITION TO MV3'S
# MOTION TO STAY COSTS PENDING APPEAL

MV3's request that this Court stay the consideration, or, alternatively, the execution, of Roku's bill of costs should be denied in its entirety. The Federal Rules of Civil Procedure and the courts in this circuit both demand a timely determination and execution of Roku's taxable costs.

There is no good reason to delay a cost determination now. The final judgment in this case rests on a jury verdict of non-infringement in favor of Roku. MV3 does not point to anything to show a likelihood of succeeding on appeal in support of deferring a cost determination. To compound MV3's difficulty, MV3 will be limited in the scope of what it can appeal since it failed to move for judgment as a matter of law before the jury arrived at its verdict.

Further, MV3 points to no good reason for it to delay its payment of costs to Roku. If anything, MV3, a Florida limited liability corporation backed by three partners, should be compelled to provide taxable costs now, either directly to Roku or in the form of a *supersedeas* bond. Payment now is not only appropriate under the law, but it will maximize the probability that Roku is reimbursed.

I.    APPLICABLE LAW

A prevailing party, such as Roku, is generally allowed to recover costs. Fed. R. Civ. P. 54(d) (2020). To that end, the "Court has the discretion to stay the taxation of costs provided there are *adequate grounds* to do so. *Garriott v. NCsoft Corp.*, No. A-09-CA-357-SS, 2010 WL 11569447, at *2 (W.D. Tex. Nov. 16, 2010) (emphasis added). Once the Court has approved a taxation of costs, a party may seek to stay the execution of the final judgment of costs by providing a bond. Fed. R. Civ. P. 62(b) (2020); *Stephens v. City of Austin*, No. 1:12-CV-659-DAE, 2015 WL 1543143, at *1 (W.D. Tex. Apr. 2, 2015).

Some courts apply a four-part balancing test to determine whether a stay is warranted. These factors consider "the likelihood of the movant's success on appeal, whether the movant

will be irreparably harmed, whether the nonmoving party will be injured, and any public interest." *Segner as Tr. of PR Liquidating Tr. v. Ruthven Oil & Gas, LLC*, No. 3:12-CV-1318-B, 2020 WL 230617, at *2 (N.D. Tex. Jan. 14, 2020) (citations omitted); *Tolan v. Cotton*, No. H-09-1324, 2012 WL 12893484, at *4 (S.D. Tex. July 12, 2012).

## II. THE COURT SHOULD AWARD AND ORDER EXECUTION OF ROKU'S BILL OF COSTS

It is well-established that "[c]ourts are not required to stay taxing costs pending the outcome of an appeal." *Galaviz v. Post-Newsweek Stations*, No. SA-08-CV-305-XR, 2010 WL 1904334, at *1 (W.D. Tex. May 11, 2010). MV3 claims that a stay of the determination of Roku's bill of costs, or, alternatively, a stay of the execution of these costs, is warranted. Neither is true.

### A. The Determination of Roku's Taxable Costs Should Not be Stayed

MV3 erroneously asserts that a ruling on Roku's bill of costs would be premature and a waste of party and judicial resources, primarily because its pending appeal of the Court's December 21, 2020 Final Judgment and Order could ultimately moot the Court's award of costs. Courts have routinely rejected similar claims. *E.g., Tolan*, 2012 WL 12893484, at *5 (denying motion to stay consideration of bill of costs because judicial inefficiency would be "minor" and did not justify stay); *Garriott*, 2010 WL 11569447, at *2 (denying request to stay taxation of costs pending appeal because it would not be a waste of judicial resources for the Court to award costs). MV3 provides no reason why the Court should diverge from this precedent, other than referencing a few cases that are clearly distinguishable.

In MV3's first case, *iLife Technologies, Inc. v. Nintendo of America, Inc.*, the court deferred ruling on the defendant's request for costs until an appeal involving the validity of a patent under § 101 was resolved. No. 3-13-cv-04987 (N.D. Tex. Jan. 19, 2021). Because there remained uncertainty as to whether all or part of the invalidity of patent in suit would be upheld,

the Court stayed the cost issue. The final judgment in the case between Roku and MV3, unlike the one in *iLife Technologies*, is tied to a jury verdict of non-infringement and does not involve an issue regularly overturned on appeal like § 101 patentability.

The last two cases are also very different. In MV3's second case, the parties stipulated to stay decision on the bill of costs. *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2-16-cv-00980 (E.D. Tex. June 19, 2018). And, in its final case, the underlying patent had been invalidated and the Court determined that the plaintiff's motion for entry of its bill of costs would likely be moot. *Core Wireless Licensing s.a.r.l. v. LG Elecs., Inc.*, No. 2:14-cv-911 (E.D. Tex. June 13, 2017). None of these circumstances exist in this case between Roku and MV3.

MV3 also suggests that, if a new trial is granted, it will be "unclear as to what extent Roku will seek costs relating to the same issues." (ECF No. 423 at 3.) MV3 claims that a stay will avoid duplication of costs and wasting judicial resources. MV3 again points to no authority for support. Indeed, MV3's new trial motion has already been denied by this Court — the court with discretionary authority over the decision.

### B.    The Execution of Roku's Taxable Costs Should Not be Stayed

MV3 separately seeks to stay the execution of Roku's award of costs. But, MV3 cites to no authority that supports a stay of this nature and does not provide any other relevant reason to support its request. Rather, MV3 simply regurgitates the same baseless allegations from its unsuccessful new trial motion and its objections to Roku's bill of costs submission — all of which focus on Roku's baseless allegations of claimed misconduct during trial — and argues that the payment of costs associated with Roku's inequitable and invalidity defenses should be delayed. None of MV3's trial conduct allegations support a stay of execution of judgment, and MV3's objections to costs associated with Roku's untried affirmative defenses will be addressed by the Court in its costs award.

3

MV3's request is misplaced and contradicted by the Federal Rules. Indeed, Rule 62 of the Federal Rules of Civil Procedure allows a party, as a matter of right, to stay the execution of a final judgment pending appeal if a *supersedeas* bond is posted. Fed. R. Civ. P. 62(b). Yet, because this rule is limited to final judgments, a party can only stay costs if: (1) the costs "were awarded as part of the final judgment" or (2) the party "separately appealed the post-judgment order awarding . . . costs." *Stephens*, 2015 WL 1543143, at *1; *see also Armour v. Knowles*, 512 F.3d 147, 156 (5th Cir. 2007) (holding that post-judgment orders on costs are not part of the appeal of a final judgment and must be separately appealed). Given that this Court has not yet issued an order approving costs and MV3 has not subsequently appealed that judgment, MV3's request to stay execution should be denied. *Stephens*, 2015 WL 1543143, at *1 (recognizing that Rule 62(b), formerly Rule 62(d), is the proper procedural vehicle to stay the execution of a judgment).

### C. The Factors Weigh Against Any Stay

Additionally, each of the factors that are often considered in requests for a stay in judicial proceedings weigh in favor of Roku. *Tolan*, 2012 WL 12893484, at *4. First, Roku is likely to succeed on appeal. This is particularly true here, where the judgment rests on a jury verdict of non-infringement. In addition, MV3 failed to move for judgment as a matter of law, further undermining its already weak appeal position. *See Cabinet Vision v. Cabnetware*, 230 F.3d 1382 (Fed. Cir. 2000) (failure to move for judgment as a matter of law waives challenges to sufficiency of the evidence).

Second, MV3 will not be irreparably harmed by the Court's consideration or execution of Roku's bill of costs. Indeed, if MV3 is successful on its pending appeal and the "district court judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are automatically vacated." *Segner*, 2020 WL 230617, at *2; *Tolan*, 2012 WL

12893484, at *4 (opining that "if the Firth Circuit reverse[d]" the Court's taxation of costs, "Plaintiffs will be reimbursed"). The expenditure of party resources does not generally qualify as irreparable harm. *Nat'l Shooting Sports Found., Inc. v. Jones*, Nos. 11-1401 and 11-402, 2011 WL 3875241, at *2 (D.D.C. Sept. 2, 2011) ("The general rule is that economic harm does not constitute irreparable injury.").

Third, there is a possibility that Roku will be injured if the Court either stays its award or execution of Roku's bill of costs. MV3 is a small partnership with a single asset (the asserted patent in this case), and the chance of recovery of costs will likely decrease over time. *U.S. Ethernet Innovations, LLC v. Acer*, No. C 10-3724 CW, 2015 WL 7075670, at *3 (N.D. Cal. Nov. 13, 2015) ("delay of payment of costs . . . is presumptively injurious").

Finally, the public interest favors the completion of this litigation, including an award and execution of costs. *See Hernandez v. Fincher*, No. 304-CV-1084-G, 2005 WL 8167825, at *2 (N.D. Tex. Apr. 29, 2005) ("A stay would be contrary to the public interest of promoting the just resolution of civil cases with minimal delay").

Although MV3 failed to address any of these factors, they each weigh in favor of Roku. Given that MV3 has not provided sufficient reasons to further delay consideration and execution of Roku's bill of costs, the Court should deny MV3's motion.

### III.   AT A MINIMUM, MV3 SHOULD BE REQUIRED TO POST A BOND

Even though Roku opposes any further delays in the determination and execution of its costs, Roku, at a minimum, requests that MV3 post a bond if the Court stays the execution of Roku's bill of costs.

Absent a *supersedeas* bond posting under Rule 62, district courts "generally refuse[] to stay the execution of the taxation of costs on the mere basis of an appeal." *Williams v. City of Cleveland, Mississippi*, No. 2:10-CV-215-SA-JMV, 2013 WL 12376681, at *4 (N.D. Miss.

Sept. 25, 2013) (citing *Poplar Grove Planting and Refining Co. v. Bache Halsey Suart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *Slater v. Progress Energy Serv. Co.*, No. 8:09-CV-208-T-24-EAJ, 2010 WL 5209342, at *5 (M.D. Fla. Dec. 16, 2010) (noting that a party must provide sufficient justification to warrant a stay of the court's determination of a pending bill of costs without posting a *supersedeas* bond); *see also Lapara v. Silver Slipper Casino Venture*, *LLC*, No. 1:09CV629-HSO-JMR, 2011 WL 13201914, at *1 (S.D. Miss. Apr. 26, 2011) (denying motion to stay taxation of costs where movant did not seek stay by posting *supersedeas* bond). Additionally, where, as here, the financial strength of the obligating party is in question, the "need for the security bond is *heightened*." *Fullwiley v. Union Pac. Corp.*, No. 2:04-CV-00671 TS, 2006 WL 8459294, at *1 (D. Utah Sept. 6, 2006) (requiring individual wage earner to post a bond as a condition precedent to stay execution of costs pending appeal).

## IV. CONCLUSION

The Court should deny MV3's motion to stay the determination and execution of taxable costs in this case. MV3 caused Roku to expend over $350,000 in taxable costs to defend itself against MV3's unsuccessful patent infringement claims. No sufficient reason exists to allow MV3 to delay the determination or avoid the payment, if even through the postage of a *supersedeas* bond, of those costs now.

Date:  January 26, 2021                           Respectfully submitted,

                                                         /s/ Alexander J. Hadjis
                                                      Alexander J. Hadjis (*pro hac vice*)
                                                      JENNER & BLOCK, LLP
                                                      1099 New York Avenue, NW, Suite 900
                                                      Washington, DC 20001
                                                      (202) 639-6036
                                                      ahadjis@jenner.com

Richard D. Milvenan
State Bar No. 14171800
McGINNIS LOCHRIDGE, LLP
600 Congress Avenue, Suite 2100
Austin, TX 78701
rmilvenan@mcginnislaw.com

David N. Deaconson
State Bar No. 05673400
PAKIS, GIOTES, PAGE & BURLESON, PC
400 Austin Avenue
Waco, TX 76701
(254) 297-7300
deaconson@pakislaw.com

Darryl Adams
State Bar No. 00796101
SLAYDEN GRUBERT BEARD, LLC
401 Congress Avenue, Suite 1650
Austin, TX 78701
(512) 402-3562
dadams@sgbfirm.com

ATTORNEYS FOR
DEFENDANT ROKU, INC.

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing document was served on all counsel of record via electronic transmission on January 26, 2021.

                                                    /s/ Alexander J. Hadjis