**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **MV3 PARTNERS LLC,**<br>                    **Plaintiff,**<br><br>            *v.*<br><br>**ROKU, INC.,**<br>                    **Defendant.** | **6:18-cv-00308-ADA** |

**MEMORANDUM OPINION & ORDER GRANTING-IN-PART
DEFENDANT'S BILL OF COSTS [ECF NO. 418]**

Came on for consideration this date is Roku, Inc.'s Bill of Costs, filed January 5, 2021.

ECF No. 418 (the "Bill"). Plaintiff MV3 Partners LLC filed an objection to the Bill on January 19,

2021, ECF No. 422, to which Defendant Roku, Inc. filed a response in support of its Bill, ECF No.

425. Between the Defendant's entry of its Bill and the instant Order, Plaintiff appealed the final

judgment in this Action; the U.S. Court of Appeals for the Federal Circuit affirmed on November

5, 2021. ECF No. 429. This Court heard oral argument on the Bill on May 2, 2022. *See* ECF No.

432. After careful consideration of the Bill, the parties' briefing and oral arguments, and the

applicable law, the Court **GRANTS-IN-PART** the costs identified in Roku's Bill.

## I. BACKGROUND

MV3 Partners LLC ("MV3") brought a patent infringement suit against Roku, Inc.

("Roku") on October 16, 2018, alleging infringement of at least U.S. Patent No. 8,863,223 (the

"'223 patent"). *See* ECF No. 1. The '223 patent is directed to a set top box acting as a conduit

between disparate data networks and display devices. *Id.* at 1. MV3 alleged that Roku

manufactures, provides, sells, offers for sale, imports, and/or distributes products and services

directly infringing the '223 patent. *Id.* at 2.

This Court conducted a jury trial between October 5 and October 14, 2020, resulting in a unanimous verdict for the Roku, Inc. ECF No. 387. The Jury found no direct infringement of the '223 patent literally, no direct infringement of the '223 patent under the doctrine of equivalents, and no induced infringement of the '223 patent. *Id.* at 2–4. MV3's subsequent motion for a new trial was denied, ECF No. 410, and the Court entered final judgment on December 21, 2020, ECF No. 415. On January 5, 2021, Roku entered its Bill requesting $358,022.07.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure state, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under this rule, there is a strong presumption "that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). The Fifth Circuit has held that this presumption intended to create *prima facie* entitlement to payment of costs and that the burden of overcoming this presumption shifts to the losing party. *Id*. Additionally, the court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Pacheco v. Mineta*, 448 F.3d 783, 794 (quoting *Schwarz*, 767 F.2d at 131).

According to the Fifth Circuit, a wide range of reasons justify denying costs for the prevailing party. *Id*. Included in these potential reasons are:

> (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.

*Id*. In addition, the court can deny costs if the losing party entered into litigation in good faith. *Id.*

### III. ANALYSIS

As the prevailing party, Roku is *prima facie* entitled to costs under Rule 54(d)(1). *Pacheco*, 448 F.3d at 793. MV3 argues that Roku's requested taxable costs should be reduced or eliminated due to Roku's meritless defenses, frivolous motions, and the close and difficult questions presented by this case. ECF No. 422 at 1–6. They also argued that Roku's non-taxable deposition, trial graphics, and photocopies should be reduced or denied. *Id.* at 6–10. After considering each argument, the Court finds that Roku is entitled to full costs minus a video cost reduction, 50% of requested graphic and trial equipment costs, and 50% of requested documentation reproduction costs.

### A.    Roku's Misconduct

#### 1.    Meritless Defenses

Roku's unsuccessful defenses do not alter the taxable costs. MV3 argues that Roku's inequitable conduct defense was meritless and that associated costs should be reduced. ECF No. 422 at 2. Yet this Court denied MV3's motion for summary judgment on Roku's inequitable conduct defense. ECF No. 332. As the Fifth Circuit has stated, "a claim that survives summary judgment . . . cannot be frivolous." *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 460 (5th Cir. 2020). Accordingly, the Court will not reduce the Bill by an amount attributable to Roku's inequitable conduct defense under a flawed theory that that defense was meritless.

MV3 also argues that Roku's invalidity defense was frivolous because Roku dropped it on "the eve of trial." ECF No. 422 at 3. MV3 has not done enough to prove up this allegation. For a defense to be meritless, it must be "groundless or without foundation." *See Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978). A prevailing party's voluntary dismissal of a defense is generally not determinative of its merit. *See* Fed. R. Civ. P. 41(a)(1)(B). If it thought Roku's invalidity case meritless, MV3 could have moved to dismiss that

defense or sought summary judgment thereon. It did not. Nothing in MV3's pre-trial behavior suggests the invalidity defense was meritless and MV3 has otherwise failed to substantiate its claim of frivolousness.

Finally, MV3's assertion that Roku should not recover costs for issues on which they were not the prevailing party is unwarranted. *See generally* ECF No. 422 at 4. The Fifth Circuit has concluded that a "case must be viewed as a whole" and a party need not prevail on every issue to deserve costs. *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Further, it has stated that the "'prevailing party' determination is a clear, mechanical one; when a judgment is entered in favor of a party, it is the prevailing party." *Allianz Versicherungs, AG v. Profreight Brokers Inc.*, 99 F. App'x 10, 13 (5th Cir. 2004). Roku's case persuaded the Jury that it did not infringe the '223 patent, which distinguishes them as the prevailing party. The Court finds that Roku's victory regarding the infringement claim is sufficient to include related motions under Rule 54(d)(1). *See Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983) (holding that victory over four infringement claims and invalidating two patents was sufficient to justify granting costs for concurrent motions that ultimately failed). Thus, the undecided issues should not be deducted from costs.

### 2. Frivolous Motions

The Court finds that costs should not be reduced concerning the motion to transfer. MV3 argues that the motion to transfer was frivolous in view of Scott de Hass's testimony during trial. ECF No. 422 at 4. The Court may decrease costs when the prevailing party's conduct is "vexatious, groundless, or in bad faith." *Fairley v. Patterson*, 493 F.2d 598, 606 (5th Cir. 1974). Roku filed its transfer motion over a year before the trial date. Early transfer motions almost force parties to resort to speculating about relevant witnesses and evidence and their location. Only as the case proceeds will theories crystallize such that the most relevant witnesses and evidence can be

identified with particularity. The Court will not, therefore, punish Roku for any purported inconsistencies between its transfer motion and Mr. de Hass's testimony (especially given that the arguments in Roku's transfer motion were not persuasive). Costs attributable to the transfer motion will not be discounted.

3.   The Closeness of the Legal Issues Presented

The Court disagrees with MV3's assertion that this case presented close and difficult legal issues and holds that costs should not be reduced. MV3 argues that their appeal and "voluminous filings" indicate the closeness and difficulty of the case. ECF No. 422 at 5. The progression of a case to a jury trial is not decisive evidence of close or difficult legal issues. *See Basler v. Barron*, No. CV H-15-2254, 2017 WL 3394603, at *4 (S.D. Tex. Aug. 8, 2017). Nor is there any relationship between the closeness of the case and the volume of filings. Furthermore, this Court denied MV3's motion for a new trial and the Federal Circuit affirmed final judgment without opinion. ECF Nos. 410, 429. The legal issues presented have been settled without the need for reconsideration and do not present the closeness or difficulty justifying a reduction of costs.

MV3 further argued that Roku's flagrant misconduct tainted the jury and created circumstances leading to prejudice. ECF No. 422 at 5. The Court is unpersuaded that this demonstrates the complexity of legal issues.

B.   **Roku's Entitlement to Transcription Costs**

A prevailing party may recover the costs of "printed or electronically recorded transcripts necessarily obtained for the use in the case." 28 U.S.C. § 1920(2). Roku seeks to recover costs for printed and electronically recorded trial, pre-trial, and deposition transcripts. ECF No. 419 at 6–8. MV3 disputes that these costs are necessary. ECF No. 422 at 6-8. Upon review, the Court finds the requested amount should be reduced.

1.   Transcripts of Court Proceedings

Roku seeks $17,146.07 in costs related to transcripts of court proceedings. ECF No. 419 at 2. This includes $15,509.18 for daily trial transcripts and $1,636.89 for pre-trial hearing transcripts. *Id.* The costs related to depositions are permitted under § 1920(2) if the depositions "were necessarily obtained for use in the case." § 1920(2). The parties do not dispute these claims and the Court is persuaded that the costs were necessary. Thus, Roku is entitled to its trial transcription costs.

2.   Depositions

Roku seeks $49,454.55 in depositions of Roku and MV3 fact and expert witnesses. ECF No. 419 at 3. This includes costs for deposition transcripts and videos associated with witnesses. *Id*. The Court finds that the costs associated with the video depositions should be reduced.

Roku does not seek incidental costs except for the expedited shipping costs associated with Dr. Schonfeld. *Id.* at 4. The expedited shipping was necessary to meet the *Daubert* and dispositive motion deadline. *See Garzez v. Lopez*, No. SA-02-CA-1131-H, 2008 WL 11461796, at *3 (W.D. Tex. Dec. 31, 2008) ("Incidental costs associated with depositions, such as the cost of expedited delivery, ACSII disks, condensed transcripts, real time reporting, and parking are not recoverable without a good explanation for why those costs were necessary."). Thus, Roku should recover the amount requested for non-incidental costs.

Roku seeks recovery for video depositions. ECF No. 419 at 4. The Court declines to award costs for video depositions of witnesses that testified at trial and whose video was not used at trial. *NuVasive, Inc. v. Lewis*, No. A-12-CA-1156-SS, 2014 WL 12873101, at *9 (W.D. Tex. Oct. 23, 2014) ("The Court fails to see how these costs were necessarily obtained for use in the case when the witness at issue actually appeared in person at trial, and the video deposition was not used."). Several witnesses testified at trial, and their video was not shown. EFC No. 419 at 3–4. Therefore,

Roku is entitled to recover only for video depositions of witnesses who *did not testify at trial*. The parties are instructed to meet and confer regarding how much a reduction this amounts to.

### 3.   Roku's Entitlement to Fees for Witnesses

Roku seeks to recover $1,958.91 in witness fees for witnesses called during trial. EFC No. 418-1 at 1. The statutory costs associated with witness attendance at trial are set forth by 28 U.S.C. § 1821. Roku's costs for each witness are taxed through an attendance fee for each day at trial as provided for in § 1821(b), required travel expenses as provided for in § 1821(c), and required overnight lodging as provided for in § 1821(d). The parties do not dispute these costs. The Court finds Roku is entitled to full reimbursement for witness fees.

### C.   **Roku's Entitlement to Exemplification & Copying Costs**

A prevailing party may recover the costs of "exemplification and the costs of making any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Roku seeks to recover costs for printing, copying, and making documents for trial and the *Markman* hearing, along with Roku's trial technician costs. ECF No. 419 at 5. This Court finds the total recovery for exemplification and copying costs should be reduced by half.

### 1.   Graphics & Trial Equipment

The parties dispute whether Roku is entitled to $267,997.78 in trial graphics and technician fees. MV3 argues that Roku's trial graphics did not receive prior express authorization from the Court. ECF No. 422 at 8. MV3 also argues that the itemized statements of these costs provide insufficient detail to justify the high costs. *Id.* at 9. Roku contends that the trial graphics were necessary to the jury's understanding of the technology and that there is implied authorization because of the complexity and size of the case. ECF No. 425 at 4. Further, Roku argues that it is impractical to expect trial technicians to bill their hours separately for each exhibit. *Id.* at 5.

"[E]xpenses for the production of various types of non-testimonial evidence – such as photographs, maps, charts, graphs and other demonstrative aids – are taxable as costs provided that the prevailing party obtained court approval before incurring the expense." *Two-Way Media, LLC v. AT&T Servs., Inc.*, 2013 U.S. Dist. LEXIS 202556, at*22 (W.D. Tex. Nov. 22, 2013). But *express* authorization by the court is not necessary. *Id*. Requests or invitations to submit tutorials or demonstratives for the *Markman* hearing and during trial "is tantamount to pretrial approval." *Id*. Here the Court ordered a technology tutorial of from each party for the *Markman* hearing, and demonstratives were used at the hearing itself. *See* ECF No. 45. The Court further requested audio recordings of Roku's *Markman*, summary judgment, and *Daubert* briefing. ECF No. 50 at 4.

While costs may be recovered for graphics for which the Court did not give express authorization, these costs must still be reasonable. While other courts have found certain graphic costs reasonable, these cases typically involve graphic and technician costs under or approximately $100,000. *See, e.g.*, *Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, No. 2:14-CV-00912-JRG, 2020 WL 1557492, at *4 (E.D. Tex. Apr. 1, 2020) (six-day trial); *U.S. Bank N.A. v. Verizon Commc'ns Inc.*, No. 3:10-CV-1842-G-BK, 2014 WL 12577383, at *4–5 (N.D. Tex. Mar. 18, 2014) (ten-day trial). Further, graphics associated with *Markman* hearings should be reasonable. *Innovation Scis., LLC v. Amazon.com, Inc.*, No. 4:18-CV-474, 2021 WL 2075676, at *4 (E.D. Tex. May 24, 2021) (allowing costs of $50,262.11 for *Markman* graphics); *Motion Games, LLC v. Nintendo Co.*, No. 612CV00878RWSJDL, 2016 WL 9136171, at *9 (E.D. Tex. Oct. 24, 2016), *R&R adopted*, No. 6:12-CV-878-RWS-JDL, 2017 WL 2615436 (E.D. Tex. Jan. 4, 2017) (denying costs of $11,610 for *Markman* hearing). Roku claims $267,997.78 in graphic and trial equipment/technician costs, far exceeding costs reasonably expected for a *Markman* hearing and

a trial lasting eight days. The Court, therefore, finds it reasonable to halve Roku's bill as to graphic and trial equipment costs. Roku is entitled to recover $133,998.89 for such costs.

       2.  <u>Document Reproduction</u>

Roku seeks $21,464.76 to recover its document reproduction costs allegedly necessitated by this litigation. ECF No. 419 at 7. Again, the Court awards 50% of the requested costs.

MV3 argues that the costs should be denied in its entirety because Roku failed to meet their burden in explaining what copies were necessarily obtained for use in the case. ECF No. 422 at 9; *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (costs of photocopies necessarily used in the litigation are recoverable upon proof of necessity). MV3 also argues that this case is indistinguishable from *Ushijima v. Samsung Elecs. Co.* because Roku did not provide enough detail or context to prove what the costs were associated with or the necessities of the copies. No. A-12-CV-318-LY, 2015 WL 11251558, at *4 (W.D. Tex. July 30, 2015). Roku argues it should receive 100% because it limited its request to the costs of copies of its summary judgment and *Daubert* briefing to the Court, trial exhibits and witness binders, and documents used by the trial team in preparation for and during trial in Waco. ECF No. 419 at 7.

In *Ushijima*, Samsung, the prevailing party, claimed it sought only a small amount of document reproduction costs. 2015 WL 11251558, at *4. Samsung only provided four invoices with vague descriptions and no evidence of the total costs of reproduction. *Id.* The court found that Samsung's request did not give adequate evidence of the invoices or the total reproduction costs and awarded 50% of the amount requested. *Id.*

Unlike Samsung, Roku specifically described its document reproduction charges. ECF No. 419-6. The invoices provided were separated into detailed categories relevant to the litigation. *See* ECF No. 419 at 7. But like Samsung in *Ushijima*, Roku does not give adequate evidence of the total reproduction costs. The Court cannot determine if the lowered requested amount is reasonable

without more context. *Ushijima*, 2015 WL 11251558, at *4 ("[W]ithout such contextual information, the court cannot determine if the amount requested is reasonable and necessarily obtained for use in the litigation").

Based on the relevant factors, this Court adopts the generally accepted rule in the Western District that a prevailing party should be entitled 50% of its document reproduction costs throughout the entire case. *Ushijima*, 2015 WL 11251558, at *12 ("Allocating approximately 50% of the prevailing party's copying costs is an acceptable, if 'somewhat crude,' method of accounting for necessary versus unnecessary copies." (quoting *Summit Tech., Inc. v. Nidek, Co.*, 435 F.3d 1371, 1378–79 (Fed. Cir. 2006))); *Two-Way Media*, 2013 U.S. Dist. LEXIS 202556, at*19. Thus, Roku is entitled to $10,732.38 of document reproduction costs.

## IV. CONCLUSION

It is therefore **ORDERED** that Defendant's Bill, ECF No. 418, is **GRANTED-IN-PART.**

 Roku is entitled to all requested costs minus:

- the video cost reduction described above,
- half the requested graphic and trial equipment costs, and
- half of requested documentation reproduction costs.

The parties are instructed to meet and confer regarding the exact reduction in costs this represents and promptly inform the Court, which will issue a subsequent order as to the exact grant of costs.

SIGNED this 3rd day of June, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE